JAMES TANSEY & others *vs.* PATRICK McDONNELL & others.

Suffolk. March 24. — July 1, 1886. W. ALLEN & HOLMES, JJ., absent.

QUINCY SAVINGS BANK & others *vs.* JAMES TANSEY & others.

Norfolk. March 24. — July 1, 1886. W. ALLEN & HOLMES, JJ., absent.

A bill in equity was brought in one county to have a sale of real estate by an executor declared void. Subsequently, the defendant in the first case brought a bill in equity, in another county. against the plaintiff in the first case, to confirm the same sale. The second bill did not refer to the first, and the answer to the second bill pleaded the pendency of the first bill. The facts as they appeared from the bill and answer in the first case were not identical with the facts as they appeared from the bill and answer in the second case. *Held,* that, even if the second bill could be treated as a cross bill, the two cases could not be reserved together for the consideration of the full court upon the bills and answers.

THE FIRST CASE was a bill in equity, brought in Suffolk county, to have a sale made by an executor declared void.

THE SECOND CASE was a bill in equity, brought in Norfolk county, by the defendants in the first case against the plaintiffs in that case, to confirm the same sale.

The cases were heard together, by *Gardner*, J., who reserved them for the consideration of the full court. The reservation in

the first case was as follows: " Reserved on bill and answers and cross bill and answers for the consideration of the whole court;" and in the second, as follows: " Reserved with bill in equity in Suffolk." The facts material to the point decided appear in the opinion.

*F. Cunningham,* (*E. N. Hill* with him,) for the plaintiffs in the first case, and for the defendants in the second.

*J. L. Eldridge, contra.*

FIELD, J. We are of opinion that these suits cannot properly be determined upon these reservations. It may be that the second bill should be dismissed, if the first is considered on its merits, but we are not now required to decide this. The pendency of the first suit has been pleaded in the answer to the second bill, in accordance with Chancery Rule 13, 136 Mass. 605. A plea is usually set down for argument, and is allowed or overruled, and, if overruled, the defendant must answer; if allowed, the plaintiff may traverse the plea, although it has been said that there is a different practice when the plea is of another suit for the same matter pending in equity. Story Eq. Pl. §§ 743, 744. But a plea may be ordered to stand for an answer; and under our practice a plea, if inserted in an answer, must be taken to be a part of it, and true for all the purposes of the case, if the cause is set down by the plaintiff for hearing upon bill and answer. The two causes have been reserved together, each upon bill and answer, apparently under a misapprehension that the second bill can be considered as a cross bill, and that all the allegations of the same parties in both suits can be taken together, for the purpose of ascertaining what are the facts which the pleadings disclose. The two suits are between the same persons, and relate to the same subject matter and the same controversy; but in the second suit the parties to the first are reversed, and the second suit is pending in the county of Norfolk, while the first is pending in the county of Suffolk. Whether a cross bill can be filed in another county than that in which the original bill is pending, may well be doubted. See Story Eq. Pl. § 400. Adams Eq. 402 *& seq.* The second bill is certainly not a cross bill in form; it does not recite the proceedings in the first bill, or refer to that bill, and perhaps it may be said that the second bill is not in substance strictly a cross

bill, although in the nature of a cross bill, but it is not necessary now to decide this. In a hearing on bill and answer, all facts well alleged in the answer must be taken to be true; and, under our rules, (Chancery Rule 28, 136 Mass. 608,) "All facts well alleged in the bill, other than for discovery only, which are not denied or put in issue by the answer, shall be deemed to be admitted." In hearing these two causes together on bill and answer, whether the second bill is considered a cross bill or not, as neither bill refers to the other, each cause must be considered separately, and the answers in the first suit cannot be supplemented by the allegations contained in the second bill, nor can the first bill be supplemented by the allegations contained in the answer to the second. As the controversy is between the same parties upon the same subject matter, and for substantially the same purpose, namely, on the one side to avoid a sale of real property, and on the other side to confirm it, the causes ought to be determined upon the same facts. But the facts in the two suits, if determined upon bill and answer, are not the same.

As an illustration of the difference between the two suits upon the facts, if they are considered separately upon bill and answer, take the allegations in each suit respecting the notice given of the intended sale of the real property by John McDonnell, as executor of the will of William Tansey.

In the first bill, it is alleged "that, in pursuance of the said decrees of the Probate Court, the said John McDonnell, as executor and guardian as aforesaid, proceeded to sell the said lands and buildings hereinbefore described, and gave notice of his intention so to do as required by the statute of the Commonwealth in that behalf made and provided; but the plaintiffs aver that said notice was not good and sufficient in law and in accordance with said statute, in that it did not contain a specification of the place where such sale was to take place, or any other specification from which such place could be ascertained or known."

In answer to this, four of the defendants "deny that said notice was not good and sufficient in law, and in accordance with the statute, but defective, and the sale thereafter made void and of no effect; to the contrary, they say that said notice and said

sale were good, sufficient, and valid." The Quincy Savings Bank, the fifth defendant, "for answer says that it is ignorant as to the various paragraphs and allegations of the plaintiffs' bill, and can neither admit nor deny the same, except so far as they relate to said mortgage dated the third day of December, 1883," which was a transaction long subsequent to the sale by the executor. This last answer must be taken to put in issue, within the meaning of Rule 28, the allegations of the bill which have been before recited; and, on hearing this cause on bill and answers, the fact cannot be taken against the Quincy Savings Bank to be as alleged in the bill. It is not clear that the allegations in the first answer mentioned are sufficiently definite as averments of fact to enable the court to say, on bill and answer, that the notice did contain a specification of the place of sale, as required by the Gen. Sts. *c.* 102, § 15; but, as they stand, they could not be held to admit that the notice did not contain such a specification.

The second bill sets out in terms the notice of the sale given by McDonnell as executor; the defendants, in their answer, admit that this was the notice given; and it appears that there is in the notice no specification of the place of sale. This is regarded as a material fact by both parties.

If the question of actual notice to the Quincy Savings Bank of "any defect in the proceedings relating to the sale," &c. be material in the first suit, the fact must perhaps be taken to be that it had not notice, and in the second suit that it had. Apart from these and other differences in the facts of the two cases upon the pleadings as they stand, the allegations in the answer of the first four defendants in the first suit relating to the settlement of the probate accounts, and the acquiescence in and confirmation of the sale by the plaintiffs, are too indefinite to afford a sure ground for determining the rights of the parties.

The reservations should be discharged, and the causes stand for hearing upon the issues.                    *Ordered accordingly.*