COMMONWEALTH *vs.* PERCIVAL C. McFARLANE.

Middlesex.   October 19, 1926. — November 24, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Registrar of Motor Vehicles.   Motor Vehicle, Operation.*

The provisions of G. L. c. 90, § 31, giving the registrar of motor vehicles power to "prepare rules and regulations governing the use and operation of motor vehicles . . . and [he] may alter, rescind or add to any rules and regulations previously made by him . . ." did not give him authority to make a regulation as follows: "No bell, horn or other means of signalling as required by Section 7 of Chapter 90 of the General Laws as amended, shall be operated by means of compressed gas from the engine or its exhaust."

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on March 30, 1926, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Hayden*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485.   The defendant was found guilty and alleged exceptions.

*C. W. Bond*, for the defendant.

*A. K. Reading*, District Attorney, & *R. W. Stearns*, Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J.   The complaint upon which the defendant was tried and found guilty charged that he "did operate an automobile on a public way in said Arlington and while so operating said automobile did sound a horn operated by means of compressed gas from the exhaust of the engine of said automobile, said automobile being equipped also with an electric driven horn in working condition."

G. L. c. 90, § 7, as amended by St. 1923, c. 335, provides in part as follows: "Every motor vehicle . . . shall be provided with a muffler or other suitable device to prevent unnecessary noise and with a suitable bell, horn or other means of signalling . . . ."   By § 31 "The registrar may prepare rules and regulations governing the use and opera-

tion of motor vehicles . . . and may alter, rescind or add to any rules and regulations previously made by him . . . ." Under § 31 the registrar prepared and approved the following regulation: "No bell, horn or other means of signalling as required by Section 7 of Chapter 90 of the General Laws as amended, shall be operated by means of compressed gas from the engine or its exhaust."

The question is whether the registrar had power to prepare and approve this regulation. It is plain that he was without lawful authority to approve any rule or regulation which would be in conflict with the terms of an existing statute. The power vested in him by § 31, so far as applicable to the present case, is limited to the preparation and approval of rules and regulations governing "the use and operation" of motor vehicles. Section 7 of the statute in express terms states that every motor vehicle shall be provided with a "suitable bell, horn or other means of signalling." Whether in a given case a suitable bell or horn has been provided is a question of fact to be determined by evidence. Manifestly a horn without equipment by which the operator can signal is not a suitable horn. The device for sounding the horn and thereby making it effective for signalling is a factor in the determination of the question whether a horn is suitable within the meaning of the statute. Such device is no more a part of the "use and operation" of a motor vehicle as those words are used in § 31 than is the horse power of the engine or the number of brakes or any other part of its equipment. In delegating to the registrar the power to make rules and regulations in the use and operation of motor vehicles, it is to be presumed that the Legislature did not intend to vest in him discretionary power to regulate something already regulated by existing statutes. *Goldstein* v. *Conner*, 212 Mass. 57. *Kilgour* v. *Gratto*, 224 Mass. 78. It follows that the regulation is invalid and therefore the defendant's motion for a directed verdict should have been granted.

In view of the conclusion reached the defendant's requests for rulings need not be considered.

*Exceptions sustained.*