### COMMONWEALTH *vs.* PAUL BARONAS.

Worcester.   January 2, 1934. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Municipal Corporations*, By-laws and ordinances.   *Intoxicating Liquor.*
   *Constitutional Law*, Police power.   *Statute*, Construction.   *Words*,
   "Public place."

A by-law of a town, adopted under G. L. (Ter. Ed.) c. 40, § 21, in force
   in July, 1933, and providing in part that "No person shall have any
   intoxicating liquor in his possession in any park, dance hall, or other
   public place in this town," was reasonable.
The foregoing by-law did not deal with the subject of intoxicating liquor,
   but with the maintenance of peace and good order in the town and
   therefore was not repugnant to law in that the whole subject of the
   manufacture, transportation and sale of intoxicating liquor was covered
   by legislation of the United States and of the Commonwealth.
The mere existence of statutory provisions covering some matters within
   the purview of such by-law did not render it invalid as repugnant to
   law.
Such by-law was to be construed so as to make it legal if its context
   would permit that construction.
The words "other public place in this town" in such by-law included an
   amusement park in the town, owned privately, to which the public
   had a right of access.
The above by-law was not repugnant to the Constitution of the United
   States or the Constitution of the Commonwealth.
Such by-law was valid.

COMPLAINT, received and sworn to in the District Court
of Fitchburg on July 17, 1933.

Upon appeal to the Superior Court, the complaint was
tried before *Hobson*, J., a judge of a district court sitting in
the Superior Court under statutory provisions.   There was
a verdict of guilty.   The defendant alleged exceptions.

*A. A. Gelinas*, for the defendant.

*A. S. Houghton*, Assistant District Attorney, for the
Commonwealth.

WAIT, J.   Art. VIII, § 5, of the duly enacted by-laws of
the town of Lunenburg provides that "No person under
the influence of liquor shall be admitted to, or be per-

mitted to remain at a public dance. No person shall have any intoxicating liquor in his possession in any park, dance hall, or other public place in this town." By art. X, whoever violates art. VIII shall, "in cases not otherwise provided for, forfeit and pay for each offense a fine not exceeding twenty dollars." These by-laws were in force on July 15, 1933. On that day the defendant admittedly had intoxicating liquor in his possession at an amusement park in the town, owned privately, to which the public has a right of access. On complaint he was found guilty and sentenced to pay a fine of $3. The case is before us upon his exceptions to the refusal of the trial judge to order a verdict of not guilty, and to rule, as requested, that: "1. The by-law is unreasonable and void. 2. The by-law is unconstitutional in that it is repugnant to law. 3. The by-law is not authorized by the common law or by the statutes."

G. L. (Ter. Ed.) c. 40, § 21, reënacting law which has existed from our earliest history, provides that "Towns may, for the purposes hereinafter named, make such orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare . . . . (1) For directing and managing their prudential affairs, preserving peace and good order, and maintaining their internal police." Such by-laws must be reasonable, *Greene* v. *Mayor of Fitchburg*, 219 Mass. 121, *Goldstein* v. *Conner*, 212 Mass. 57, and "not repugnant to law."

No discussion is needed to show that a prohibition of the presence of intoxicated persons and of intoxicating liquor at public dances, public parks and public places of entertainment is reasonable. Nothing could be more effective in "preserving peace and good order." The by-law could not properly be ruled to be unreasonable. But a by-law to be valid must also be "not repugnant to law"; and it has been held that where by legislation a subject matter has been fully dealt with, a by-law of a town or city dealing further and otherwise with that subject matter is "repugnant to law" within the meaning of this statute. *Cox* v. *Segee*, 206 Mass. 380. *Commonwealth* v. *Turner*, 1 Cush. 493. *Greene* v. *Mayor of Fitchburg*, 219 Mass. 121. But see *Commonwealth* v. *Ellis*, 158 Mass. 555; *Commonwealth* v. *McFarlane*, 257

Mass. 530. See *Southborough* v. *Boston & Worcester Street Railway*, 250 Mass. 234, 239. There can be no question that the possession, use, sale and keeping of intoxicating liquors have been fully covered by the legislation of the Commonwealth. No prohibition of the mere possession of intoxicating liquors appears in that legislation. *Commonwealth* v. *Kozlowsky*, 243 Mass. 538, 541. *Commonwealth* v. *Hayes*, 114 Mass. 282.

The defendant contends that this by-law attempts to legislate with reference to intoxicating liquor and imposes a penalty for mere possession of such liquor, so that it is clearly repugnant to the law. He misapprehends the scope and application of the by-law. It does not deal with intoxicating liquor or seek to control its keeping or sale. It deals with the maintenance of the peace and good order in Lunenburg. The situation is comparable to that illustrated in *Commonwealth* v. *Davis*, 140 Mass. 485, and *S. C.* 162 Mass. 510, where an ordinance forbidding public addresses on Boston Common was held valid. Free speech is guaranteed by our Constitution; but the court said the ordinance did not limit free speech; it provided for the convenient use of the Common. The defendant here is fined, not merely for having intoxicating liquor in his possession, but because, although lawfully in possession of it, he, unlawfully, had it in his possession in a public place where its presence might well lead to disorder and from which any one possessing it was barred by a reasonable by-law. There is no double offence from a single action. The mere existence of statutory provision for some matters within the purview of the by-law will not render it invalid as repugnant to law. *Commonwealth* v. *Goodnow*, 117 Mass. 114. *Commonwealth* v. *Parks*, 155 Mass. 531. *Commonwealth* v. *Hubley*, 172 Mass. 58.

The by-law is to be construed so as to make it legal if the context will admit. *Ahmedjian* v. *Erickson*, 281 Mass. 6, 11. The words "other public place in this town" need not be accurately defined but they include a locality used as is that disclosed on the present record where persons having intoxicating liquors in their possession are or may well be a probable source of disturbance.

We find nothing unconstitutional in the by-law. Even if enacted for the purpose assumed by the defendant, as a part of liquor legislation, it would not be opposed to the Constitution of the United States and to the national legislation then in force. *Commonwealth* v. *Nickerson*, 236 Mass. 281. *United States Fidelity & Guaranty Co.* v. *Guenther*, 281 U. S. 34.

Nothing in our State Constitution forbids the exercise of authority by the Legislature in delegating power to the town to adopt such a by-law. See *Commonwealth* v. *Bennett*, 108 Mass. 27.

The rulings of the trial judge were without error.

*Exceptions overruled.*