CLARENCE S. BORGGAARD *vs.* DEPARTMENT OF PUBLIC WORKS.

Suffolk. February 2, 1937. — October 15, 1937.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Department of Public Works. Motor Vehicle,* Equipment, Traffic regulations. *Words,* "Movement."

A rule of the department of public works that certain vehicles should be equipped with mechanical or electrical signalling devices was beyond the rule making power delegated to the department by G. L. (Ter. Ed.) c. 85, § 2.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 8, 1936.

The suit was reserved by *Lummus,* J., for determination by the full court.

*L. Brown,* (*H. P. Moulton* with him,) for the plaintiff.

*R. Clapp,* Assistant Attorney General, for the defendant.

LUMMUS, J. G. L. (Ter. Ed.) c. 85, § 2, provides: ". . . Said department [of public works], after a public hearing

and with the approval of the governor and council, may from time to time make, alter, rescind or add to rules and regulations to direct, govern and restrict the movement of vehicles on all state highways and to carry out the purposes of section nine of chapter eighty-nine on highways, including state highways, which are designated thereunder by said department as through ways, with penalties for the violation thereof not exceeding twenty dollars for each offence; provided, that nothing in this section shall be construed to give said department the power to regulate the speed at which motor vehicles may be operated on such public ways . . . ." G. L. (Ter. Ed.) c. 89, § 9, empowers said department to designate a State or other highway as a "through way," and to approve such designation by a city or town, with the result that "every vehicle immediately before entering the limits of a through way," with certain exceptions, "shall be brought to a full stop." The department of public works consists of a commissioner and two associate commissioners. G. L. (Ter. Ed.) c. 16, § 2.

Purporting to act under the statute quoted, the department of public works, with the approval of the Governor and Council and after a public hearing, made rules and regulations requiring the equipment of certain motor vehicles with signals, visible from the front and rear, indicating any proposed change of direction. Only the most recent form of these rules and regulations, that adopted by the department on August 26, 1936, and approved by the Governor and Council on November 12, 1936, is material, for that was a substitute for earlier rules.

Paragraph (a) of § 12 of these rules and regulations is as follows: "Any signal herein required shall be given sufficient time in advance of the movement indicated to give ample warning to any person who may be affected by said movement, and shall be given either by means of the hand and arm in the manner specified [in paragraph (b) of the rule], or by a suitable mechanical or electrical device, or devices, approved by the department; but when a vehicle is so constructed or loaded that the distance from the center

of the steering column to the left lateral extension of the body of the vehicle, exclusive of guards and running boards, or of the load, exceeds twenty-four inches, or the distance from the center of the top of the steering column to the rear end of the body of the vehicle, or combination of vehicles, exceeds fourteen feet, the vehicle, or combination of vehicles, shall be equipped with, and the signal shall be given by, a mechanical or electrical device, or devices, visible to the front and rear, and approved by the department." It is this requirement that certain vehicles shall be equipped with a mechanical or electrical signalling device that raises the question in this case.

The plaintiff is the owner of seven vehicles which, under the terms of § 12 (a), must be equipped with mechanical or electrical signalling devices. He brought this bill in equity to restrain the enforcement of the rule. The case was set down for hearing on bill and answer (Equity Rule 12 (1926), 252 Mass. 604), and was reserved for the full court without decision. Therefore we must accept as true all facts alleged in the answer, and all those alleged in the bill and not denied or contradicted in the answer. *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367, 369. *Hallett* v. *Moore,* 282 Mass. 380, 390. *Tansey* v. *McDonnell,* 142 Mass. 220, 221. *Rubenstein* v. *Lottow,* 220 Mass. 156, 161.

The plaintiff contends that the department of public works could not be authorized to make such a rule without an unconstitutional delegation of legislative power. But before that question is reached, we must consider whether the rule is within the power granted by the terms of the statute.

The decisive statutory words are these: "rules and regulations to direct, govern and restrict the movement of vehicles on all State highways." The rule-making power does not extend to the vehicles themselves. It is limited to the "movement" of vehicles on State highways, and the enforcement of the provision requiring a stop before entering a "through way." It does not extend to the movement of vehicles on any other ways. The rule in question

seeks to prohibit the "movement" of certain vehicles on State highways unless they are equipped with certain signalling devices. Since at some time almost every vehicle must travel on a State highway, the rule in its practical operation requires that certain vehicles be equipped with these signalling devices if they are to be operated at all within the Commonwealth. If this rule could be sustained as a regulation of the "movement" of vehicles on State highways, practically all power over motor vehicles and their operators throughout the Commonwealth could be drawn within the rule-making power of the department of public works.

In our opinion the rule in question does not direct, govern or restrict the "movement" of vehicles on State highways, within the legislative grant of rule-making power. It relates to the motor vehicle itself and its equipment, not to its "movement." Its adoption was beyond the power delegated to the department. The jurisdiction in equity is not challenged. The plaintiff is entitled to relief against any attempt to enforce the rule in question. *Shuman* v. *Gilbert*, 229 Mass. 225. *Commonwealth* v. *Norman*, 249 Mass. 123, 130, 131. *Davis* v. *Board of Registration in Medicine*, 251 Mass. 283, 284. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 278. *Harmon* v. *Police Commissioner of Boston*, 274 Mass. 56. This result is supported by the decision in *Commonwealth* v. *McFarlane*, 257 Mass. 530, which is closely analogous to the present case.

*Decree for plaintiff.*

## MEMORANDUM.

On the first day of November, 1937, the Honorable EDWARD PETER PIERCE resigned the office of a Justice of this court which he had held since December 9, 1914.