LILLIAN L. COWAN *vs.* CLIFTON C. MITCHELL & another.

Suffolk.   November 16, 1938. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice*, Findings by judge, Decree.

In the absence of a report of the evidence, the entry of a final decree in equity, not shown by findings of the trial judge, which were voluntary and not made under G. L. (Ter. Ed.) c. 214, § 23, to have been based solely on such findings, imported the finding of every fact essential to sustain it and within the scope of the pleadings.

BILL IN EQUITY, filed in the Superior Court on October 25, 1937.

The suit was heard by *Good*, J.

*L. Rosenthal & M. W. Rosenthal*, for the plaintiff, submitted a brief.

*C. H. McGrath*, for the defendant Mitchell.

DOLAN, J. This is a suit in equity in which the plaintiff seeks to compel specific performance of an agreement in writing, whereunder she agreed to sell and the defendant Mitchell to buy certain real estate. The defendant Mitchell, hereinafter referred to as the defendant, filed an answer alleging misrepresentations on the part of the plaintiff as to the condition of repairs of the real estate involved, and that the plaintiff could not give good title. It appeared from the pleadings that the defendant delivered to the plaintiff a certain policy of insurance, a deed of certain real estate, and certain shares of stock as security for payment of part of the purchase price; and that he made payments of $335 to the plaintiff on account of the purchase price. The defendant's answer contained prayers that the agreement be rescinded and that the plaintiff be ordered to deliver to him the policy of insurance, deed of real estate, and shares of stock before referred to, and to repay to him the moneys paid by him to her. A final decree was entered in the court below that the agreement be rescinded and that the plaintiff within twenty days from the entry date of the decree return to the defendant all stocks, deeds and policies of insurance delivered by him to the plaintiff and that she repay to the defendant the sum of $335. The case now comes before us on the plaintiff's appeal from this decree.

The evidence is not reported, but the judge filed "Findings of Fact," in which he found certain facts bearing on misrepresentations made by the plaintiff relating to the condition of repair of the premises. He made no reference, however, in his findings to the payments made to the plaintiff by the defendant or to the deposit of the deed, stock and policy of insurance by him with her. The "Findings of Fact" made by the judge conclude as follows: "I find that the plaintiff was never the record title owner of this property; that it stood at one time in

the name of one Harry Cowan; that the property was sold by the tax collector of the town of Randolph for nonpayment of real estate taxes for the year 1932; that a deed to the property was delivered by the tax collector to the town treasurer; that the plaintiff could not and cannot give good title to the said real estate."

It does not appear that the findings of fact filed by the judge were other than voluntary. It is not stated therein that the facts found are those alone upon which he based his conclusions and the decree entered by his order. Neither does it appear on the face of the findings that his conclusions and the decree entered were so based. It is obvious that the "Findings of Fact" were not intended by the judge to be a report of material facts under the provisions of G. L. (Ter. Ed.) c. 214, § 23. In these circumstances it is settled that "The entry of the decree . . . [imports] a finding of every fact essential to sustain it and within the scope of the pleadings." *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561. Since the decree entered was within the scope of the pleadings (see *Bleck* v. *East Boston Co., ante*, 127), it must stand.

*Decree affirmed with costs.*