COMMONWEALTH *vs.* JOHNSON WHOLESALE PERFUME
COMPANY, INCORPORATED.

Suffolk.    November 6, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Food.    Drug.    Department of Public Health.*

A regulation of the department of public health providing that, to afford
immunity from prosecution to a dealer in food or drugs, a guaranty
given him under G. L. (Ter. Ed.) c. 94, § 193, must, among other
things, be signed by the guarantor, was inconsistent with § 193,
beyond the power conferred upon the department by § 192, and
invalid.

TWO COMPLAINTS, received and sworn to in the Municipal
Court of the City of Boston on January 30, 1939.

Upon appeal to the Superior Court, the cases were heard
by *Morley,* J., a district court judge sitting under statutory
authority.

*J. D. Kenney,* for the defendant.

*T. J. Murphy,* Assistant District Attorney, for the Com-
monwealth.

DONAHUE, J.    The defendant corporation was charged in
two complaints under G. L. (Ter. Ed.) c. 94, § 191, with
delivering for pay "a certain drug, to wit, Mercurochrome"
which was adulterated in that its strength and purity fell
below the professed standard and quality under which it
was sold.    The cases were tried in the Superior Court before
a judge sitting without a jury on a "Statement of Agreed
Facts."    The judge found the defendant guilty on both
complaints.    A consolidated bill of exceptions brings be-
fore this court exceptions of the defendant to the refusal of
the judge to give two requested rulings.

The "Statement of Agreed Facts" here follows: "The
defendant sold to an inspector of the State department of
public health a bottle of mercurochrome bearing the label,

'mercurochrome — 2% solution' on two different occasions. Upon analysis it was found that the article contained less than two percent of mercurochrome in each instance. The defendant is a corporation engaged as a retail dealer in the sale of various commodities including mercurochrome. The defendant sold the mercurochrome in each instance to the inspector in the original unbroken package, in which it had received the same. The defendant, at the time of the purchase, had obtained a guaranty from the wholesaler, from which it purchased such mercurochrome, to the effect, that said mercurochrome was not adulterated or misbranded within the meaning of the laws of this Commonwealth. The wholesaler was a resident of New York and the guaranty contained the name and address of the wholesaler. This guaranty was not signed by the wholesaler. There is no evidence or claim that the defendant is guilty under section 194 of General Laws, chapter 94. The Commonwealth introduced in evidence the following regulation of the State department of health: 'Guaranty. Each guaranty given under the provisions of section 193 of chapter 94 in order to afford protection to the person receiving the same shall be signed by and shall contain the name and address of the wholesaler, manufacturer, jobber or dealer or other party residing in the United States, making the sale of an article or articles covered by it to the dealer and shall be to the effect that such article or articles are not adulterated or misbranded within the meaning of the law.' The only question to be presented to the court is whether the department of public health has the power, by the above regulation, to impose upon a dealer the additional requirement of having a guaranty under section 193 of said chapter 94 signed by his vendor in order to entitle him to the protection described in said section 193, chapter 94."

It is provided by statute that "whoever for pay or otherwise delivers or offers to deliver to any person any article of food or drug adulterated or misbranded, or which does not comply with the rules, regulations and standards provided for in sections one hundred and eighty-six to one hundred and ninety-five, inclusive, shall in the case of mis-

branding or non-compliance with said rules, regulations and standards be punished by a fine . . . ." G. L. (Ter. Ed.) c. 94, § 191. This section in terms applies "Except as otherwise provided in sections one hundred and eighty-six to one hundred and ninety-six, inclusive," which are sections of G. L. (Ter. Ed.) c. 94 dealing with the adulteration and misbranding of food and drugs.

It is not here in dispute that the defendant for pay delivered a drug which was "adulterated or misbranded" within the meaning to be given to those words of the statute. The defendant relies on § 193 of the statute which, with an exception not here material, provides: "no dealer shall be prosecuted under sections" of the statute, which deal with adulteration or misbranding of food and drugs, "for selling or offering for sale any article of food or drug in the original unbroken package in which it was received by him, if he can establish a guaranty by the wholesaler, jobber, manufacturer or other person residing in the United States, from whom he purchased the article, to the effect that the same is not adulterated or misbranded within the meaning of the laws of this commonwealth. Such guaranty, to afford protection, shall contain the name and address of the person making the sale of this article to the dealer . . . ."

The mercurochrome when sold by the defendant in this case was in the original unbroken packages in which it had been received, and the defendant had the guaranty of the wholesaler from whom the defendant had purchased it, to the effect that it was not adulterated or misbranded within the meaning of the laws of the Commonwealth. The guaranty contained the name and address of the wholesaler but it was not signed by him. The question here to be decided is whether the lack of a signature of the wholesaler to the guaranty deprived the defendant of the immunity from prosecution given by § 193.

The language of § 193 does not in terms require that the guaranty of the wholesaler or other person from whom articles of food or drugs are purchased by a dealer must be signed by such person in order to entitle the dealer to the immunity from prosecution which the section provides.

The section in substantially its present form first appeared in a statute entitled "An Act to codify and amend the laws relative to the manufacture and sale of food and drugs." St. 1917, c. 208. Earlier statutes had provided immunity to a dealer in selling patent or proprietary medicines or food preparations required to bear labels as to their ingredients (St. 1907, c. 259, § 2), or in selling any article of food or any drug or medicine adulterated or misbranded contrary to the laws of the Commonwealth, St. 1911, c. 289, § 1, if the dealer could establish a guaranty, signed by the manufacturer, wholesaler or jobber, within this Commonwealth, from whom such articles were purchased, to the effect that the articles were not misbranded or adulterated within the meaning of the statute.

St. 1917, c. 208, § 12, expressly repealed St. 1911, c. 289. It made radical changes in the immunity from prosecution of a dealer who sold adulterated or misbranded food or drugs. It restricted the protection of the guaranty by limiting the immunity only to cases where the food or drug was sold by the dealer in the original unbroken package in which he received it. It broadened the class of persons whose guaranty would provide immunity from prosecution, to include persons within the United States. It omitted the requirement of the earlier statutes that the guaranty be "signed" by the person from whom the food or drugs were purchased.

There were other sections of the statutes giving immunity to a dealer in certain articles who has obtained a guaranty from the person from whom he purchased them, which specifically required that the guaranty must be signed. §§ 109, 184. There was no such requirement in St. 1917, c. 208, § 9. That section appears without substantial change in the General Laws (1921) and in the Tercentenary Edition of the General Laws. No later statute has amended it. There is nothing to warrant the conclusion that the omission, in St. 1917, c. 208, § 9, of the word "signed" in the phrase "guaranty signed" appearing in earlier statutes, was not intentional. We think that the language of St. 1917, c. 208, § 9 (now G. L. [Ter. Ed.] c. 94, § 193), viewed

with the history of the statutes giving immunity to dealers, adequately indicates that the Legislature intended to give the protection of the immunity statute to a dealer who has a guaranty of the kind described in § 193 without requiring that the guaranty be signed. *Industrial Bankers of Massachusetts, Inc.* v. *Reid, Murdoch & Co.* 297 Mass. 119, 123. *Hanley* v. *Eastern Steamship Corp.* 221 Mass. 125, 131–132.

The State department of public health has adopted a regulation which provides that the guaranty "given under the provisions of Section 193 of Chapter 94 in order to afford protection to the person receiving the same shall be signed" by the guarantor. If this regulation is valid it would take away from a dealer having an unsigned guaranty the immunity from prosecution which the statute provides.

The Commonwealth contends that the power to adopt such a regulation was given to the department of public health by G. L. (Ter. Ed.) c. 94, §§ 192, 193. Section 193 in addition to the language which has been quoted above contains as its last sentence: "Under the authority given by section one hundred and ninety-two the department of public health shall adopt rules and regulations which shall be observed by the said department and by local boards of health in ascertaining whether there is such a guaranty which may be relied upon by the dealer."

The language of this sentence cannot reasonably be construed to be a legislative delegation of power to the department of public health to adopt a rule or regulation requiring that a guaranty be signed by the guarantor. The sentence in § 193 of the statute describing the guaranty which should be given, did not require a signed guaranty. The authority given to the department by the last sentence in § 193 was to make rules and regulations to be "observed" not only by the department, but also by local boards of health. The subject of such rules and regulations was to be merely the ascertainment of the existence or nonexistence of such a guaranty as was required by the first sentence of § 193. The language does not purport to authorize the

adoption of rules and regulations which shall be "observed" by a dealer or by the courts.

The adoption of the rules and regulations referred to in the sentence in question is stated to be "Under the authority given by section one hundred and ninety-two" of the statute. Section 192 provides: "The department of public health and local boards of health shall enforce sections one hundred and eighty-six to one hundred and ninety-five, inclusive, and, except as to standards fixed by law, the said department shall adopt rules and regulations, consistent with said sections, standards, tolerances and definitions of purity or quality, conforming to the rules and regulations," etc., adopted or hereafter adopted for the enforcement of an act of Congress approved June 30, 1906, and amendments thereof.

The authority to adopt rules and regulations vested by this section of the statute in the department of public health is expressly limited to rules and regulations which are "consistent with" §§ 186 to 195, inclusive, of the statute, including § 193. The requirement in the regulation here adopted by the department that a guaranty held by a dealer must be signed, in order to afford him immunity from prosecution, is inconsistent with § 193 which does not require that a guaranty must be signed in order to give him such immunity.

The statute in § 193 has specified fully the requirements of the Legislature as to the character of a guaranty which shall afford immunity from prosecution to a dealer who has sold the articles mentioned in the statute and made a signed guaranty unnecessary. When a subject has been fully regulated by statute an administrative board cannot further regulate it by the adoption of a regulation which is repugnant to the statute. *Commonwealth* v. *McFarlane*, 257 Mass. 530, 531. *Commonwealth* v. *Baronas*, 285 Mass. 321, 322. *Borggaard* v. *Department of Public Works*, 298 Mass. 417, 419–420.

There was error in the denial of the defendant's requests for rulings, in substance that the regulation of the department of public health requiring that guaranties be signed

did not require the defendant to produce a signed guaranty in order to have the protection of § 193 and that the regulation adopted by the department of public health exceeded the powers of the department and was invalid.

*Exceptions sustained.*