VINCENT DRUZIK & others *vs.* BOARD OF HEALTH OF HAVERHILL.

Essex. November 4, 1948. — April 4, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Health, Board of. Public Health. Bakery. Regulation. Equity Pleading and Practice,* Findings by judge. *Constitutional Law,* Police power. *Words,* "Find and rule."

In a regulation made by the board of health of a city providing for wrapping of "All breads, rolls, biscuits, muffins and any other bakery products, which, in the opinion of the board of health, require such protection, intended for sale or distribution within the limits of the city," the clause, "which, in the opinion of the board of health, require such protection," referred only to its immediate antecedent, "any other bakery products," and not to "All breads, rolls, biscuits, muffins."

Druzik *v.* Board of Health of Haverhill.

A regulation made by a board of health, requiring wrapping of "any other bakery products [besides certain specifically mentioned products], which, in the opinion of the board of health, require such protection," was invalid for indefiniteness and want of standards for the guidance of those to whom it might apply.

References to "unwrapped bread" in G. L. (Ter. Ed.) c. 94, § 4; § 8 as appearing in St. 1937, c. 53, do not show a legislative intent to preclude a board of health from requiring in certain circumstances wrapping of "breads, rolls, biscuits, muffins" by a regulation made by the board under § 9D, inserted by St. 1937, c. 362, § 3.

A regulation made by a board of health under G. L. (Ter. Ed.) c. 94, § 9D, inserted by St. 1937, c. 362, § 3, requiring wrapping of certain bakery products in certain circumstances was not invalid on the ground that such subject matter had been fully regulated by §§ 2, 3, to the exclusion of further regulation by the board.

The words "find and rule" appearing in the "Findings of material facts, rulings, and order for decree" by the trial judge in a suit in equity imported that the conclusion stated was permissible as matter of law and was found as matter of fact.

A finding and a provision of a decree in a suit in equity, that a certain regulation was void as "arbitrary," were beyond the scope of the bill, whose allegations included no allegation that the regulation was arbitrary.

A regulation duly made by a board of health under statutory authority can be declared by the courts to be invalid as unreasonable only if it cannot be supported upon any rational basis of fact that reasonably can be conceived to sustain it; if the question is fairly debatable, the courts cannot substitute their judgment for that of the board.

G. L. (Ter. Ed.) c. 94, § 9D, inserted by St. 1937, c. 362, § 3, authorized a board of health to make a regulation requiring the wrapping of hard crusted bread and rolls before their removal for sale or distribution from the bakery where they were produced and until final sale to the consumers, or upon delivery to the purchasers in sales within the bakery.

A regulation made by a board of health under G. L. (Ter. Ed.) c. 94, § 9D, inserted by St. 1937, c. 362, § 3, for the purpose of preventing contamination and the transmission of disease, requiring the wrapping of hard crusted bread and rolls before their removal for sale or distribution from the bakery where they were produced and until final sale to the consumers, or upon delivery to the purchasers in sales within the bakery, could not be pronounced by the courts to be unreasonable and invalid as not a rational means of achieving its objectives; and on appeal without a report of the evidence in a suit in equity to have the regulation declared void as unreasonable, a decree declaring that the regulation was valid was held to be required notwithstanding a finding by the trial judge that it was "unreasonable and void": no evidence which could have been presented to the judge would have been sufficient to support his finding.

"Irreparable loss" on the part of the proprietor of a bakery would not

Druzik *v.* Board of Health of Haverhill.

preclude an exercise of the police power through the adoption by a board of health under G. L. (Ter. Ed.) c. 94, § 9D, inserted by St. 1937, c. 362, § 3, of a reasonable regulation requiring wrapping of certain bakery products in certain circumstances in order to protect the public health by preventing contamination and the transmission of disease.

BILL IN EQUITY, filed in the Superior Court on February 10, 1948.

The allegations of the bill, apart from allegations as to the parties and the adoption of the regulation quoted in the opinion, were as follows: "3. The plaintiffs . . . each own and operate manufacturing bakeries located in said Haverhill and manufacture bread, rolls and other bakery products, a portion of which are sold by them directly to customers at the bakeries or sold and delivered to customers at their homes or are distributed to retailers within the limits of the city of Haverhill, to be resold by the said retailers to the general public." "5. The said regulation adopted by the board of health of the city of Haverhill is invalid, being repugnant to G.L. c. 94, §§ 1–14, as amended, and the rules and regulations relating to bakeries and bakery products of the department of health of Massachusetts, the subject matter having been fully regulated therein and further regulation of said subject matter is therefore beyond the authority of the board of health of the city of Haverhill. 6. Said regulation is otherwise void for unreasonableness, being in fact injurious to hard-crusted bread, rolls and other bakery products when placed in wrappings, by interfering with the natural circulation of moisture and air, which is necessary to maintain these products in fresh and proper condition. 7. The said defendants threaten to enforce the said regulation which would cause irreparable harm and injury to the business and property of the plaintiffs."

The suit was heard by *Brogna,* J.

*W. C. McDonald,* City Solicitor, for the defendant.

*D. E. Nicholson,* for the plaintiffs, submitted a brief.

WILKINS, J. In this bill in equity the plaintiffs allege that they are owners and operators of manufacturing

bakeries in the city of Haverhill, and seek that a regulation of the defendant board of health of that city be declared null and void. From a decree declaring that the regulation is "indefinite, arbitrary, unreasonable and void," the defendant board appeals.

The regulation, effective January 1, 1948, and set forth in the bill and admitted in the answer, is as follows: "All breads, rolls, biscuits, muffins and any other bakery products, which, in the opinion of the board of health, require such protection, intended for sale or distribution within the limits of the city of Haverhill, before removal from the establishment wherein they are produced, shall be packed in suitable retail units by wrapping in cellophane, waxed paper or other approved material, sealed or fastened in such a way as to prevent contamination by dust, dirt, insects or careless handling. Said wrappings must be intact when the goods are delivered and no packages shall be opened prior to the final sale to individuals or consumers, except that restaurants, lunch rooms and the like shall be classed as consumers and entitled thereby to open said packages in order to serve smaller portions to their patrons. Bakery products of all kinds intended to be sold to consumers from within the bakery or building in which they are produced, without prior removal therefrom, may be displayed unwrapped in clean glass show cases or show windows so constructed as to afford satisfactory protection from contamination pending sale, but said products shall not be delivered to purchasers without being suitably wrapped or enclosed."

The evidence is not reported, and there was no request for a report of the material facts found by the judge under G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1947, c. 365, § 2. The judge, however, filed a document entitled "Findings of material facts, rulings, and order for decree" which we quote in its entirety: "I find that the rights which the plaintiffs seek to protect are personal rights; that the enforcement of the regulation will cause the plaintiffs irreparable loss. I find and rule that the regulation is

indefinite, arbitrary, unreasonable and void. Let a decree
be entered in accordance with the foregoing findings and
rulings."

The regulation of bakeries and bakery products has
long been the subject of legislative enactment. G. L. (Ter.
Ed.) c. 94, §§ 2–10; see also §§ 10H–10K, inclusive, added
to said c. 94 by St. 1948, c. 444, § 2. With an exception,
here immaterial, relating to rules and regulations of the
State department of health, local "boards of health may
make such further regulations as the public health may
require." G. L. (Ter. Ed.) c. 94, §§ 9D, 9F, as inserted
by St. 1937, c. 362, § 3. Criminal penalties are provided
for violations of such regulations. G. L. (Ter. Ed.) c. 94,
§ 9E, as inserted by St. 1937, c. 362, § 3. The regulation
in question was apparently adopted under the statute just
cited. As the board had this specific authority, we merely
refer to the general authorization to local boards of health
to "make reasonable health regulations" under G. L. (Ter.
Ed.) c. 111, § 31, as amended by St. 1937, c. 285.

1. We first must decide whether the modifying clause
in the first sentence of the regulation, "which, in the opinion
of the board of health, require such protection," refers
only to its immediate antecedent, "any other bakery prod-
ucts," or whether it equally refers to "all breads, rolls,
biscuits, muffins." "It is the general rule of statutory as
well as grammatical construction that a modifying clause
is confined to the last antecedent unless there is something
in the subject matter or dominant purpose which requires a
different interpretation." *Hopkins* v. *Hopkins*, 287 Mass.
542, 547. *Hurley* v. *Lynn*, 309 Mass. 138, 145. *West's
Case*, 313 Mass. 146, 149. We think that the general rule
applies. This construction seems required by the use of
the word "any" in contrast with the earlier use of the
word "all." Our view is that this part of the regulation
does not apply to all breads, rolls, biscuits, and muffins,
but relates only to such other bakery products as, in the
opinion of the board, require wrapping.

2. We next consider to what extent the regulation may

be invalid. The provision last referred to, for the wrapping and sealing or fastening of "any other bakery products" (apart from the four products specifically enumerated) which in the opinion of the board require such protection, cannot be upheld. It prohibits nothing specific. Appropriate definiteness is lacking. *Pierce* v. *United States*, 314 U. S. 306, 311. Being penal in character, the regulation should be so clearly expressed that those who may be subject thereto should not have to guess at its meaning. *Commonwealth* v. *Daniel O'Connell's Sons, Inc.* 281 Mass. 402. *McQuade* v. *New York Central Railroad*, 320 Mass. 35, 40. *Commonwealth* v. *Slome*, 321 Mass. 713, 715. *Connally* v. *General Construction Co.* 269 U. S. 385. *Lanzetta* v. *New Jersey*, 306 U. S. 451. *Winters* v. *New York*, 333 U. S. 507, 515–516. This part of the regulation contains no standards for the guidance of those whom it purports to make subject to its terms. *Commonwealth* v. *Maletsky*, 203 Mass. 241, 245–246. See *Goldstein* v. *Conner*, 212 Mass. 57, 59; *Commonwealth* v. *Atlas*, 244 Mass. 78, 82. It could lead to arbitrary and discriminatory action. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464, 466. Compare *Heerdt* v. *Portland*, 8 Fed. (2d) 871, 872 (D. C. Ore.); *Bultman Mortuary Service, Inc.* v. *New Orleans*, 174 La. 360, 365; McQuillin, Municipal Corporations (2d ed.) § 783. Compare *Yick Wo* v. *Hopkins*, 118 U. S. 356.

3. The plaintiffs contend that the entire regulation is invalid as matter of law. One ground of this objection is that in the statute regulating bakeries and bakery products there are references in two sections to "unwrapped bread," from which it is argued that "the Legislature had no intention of requiring bread to be wrapped." It may be noted that this is not the same as an affirmative intention that no local board could in its discretion by a proper regulation require bread to be wrapped. The first of these sections is G. L. (Ter. Ed.) c. 94, § 4, which prohibits the use in bakery products of any ingredient which is "spoiled or contaminated or which may render the product unwholesome, unfit for food or injurious to health" (see *Johnson* v. *Stoddard*, 310

Mass. 232), or which "lessens the nutritive value of such product unless the product is plainly so labelled, branded or tagged, or has thereon a sign making plain to the purchaser or consumer the actual ingredients thereof; provided, that in the case of unwrapped bread to be sold by the loaf such labelling, branding or tagging shall be placed upon the label required under section eight, showing the name of the manufacturer and the net weight of the loaf." The second of these sections is G. L. (Ter. Ed.) c. 94, § 8, as appearing in St. 1937, c. 53, which provides: "Unit weights, as defined in the preceding section, shall not apply to rolls or to fancy bread weighing less than four ounces, nor to loaves bearing in plain position a plain statement of the weight of the loaf and the name and business address of the manufacturer thereof. Such information shall be stated in case of wrapped bread, upon the wrapper of each loaf . . . . In the case of unwrapped bread such information shall be stated upon a printed label . . . [of designated dimensions]. No label, attached to an unwrapped loaf, shall be larger than provided herein, nor shall any such label be affixed in any manner or with any gum or paste which is unsanitary or unwholesome." See *Doyle* v. *Continental Baking Co.* 262 Mass. 516, 519. The plaintiffs' contention based upon § 4 and § 8 cannot be sustained. The requirement in § 4 as to where labels disclosing inferior nutritive quality shall be placed on unwrapped loaves, and the provisions in § 8 (not affecting rolls or fancy bread weighing less than four ounces) compelling a statement as to weight and the name of the manufacturer and prescribing a method of affixing all labels to unwrapped loaves do not evince an intent that "all breads, rolls, biscuits, muffins" are to be exempt from local health regulations requiring wrapping.

4. The plaintiffs also contend that the entire regulation is repugnant to G. L. (Ter. Ed.) c. 94, §§ 2, 3.[1] They rely

---

[1] "Section 2. The floors, walls and ceilings of each bakery, the equipment used in the handling or preparation of bakery products or the ingredients thereof, and the wagons, boxes, baskets and other receptacles in which such products are transported, shall at all times be kept by the owner or operator of the bakery or by the distributor of such products in a clean and sanitary

upon the familiar principle that where a subject has been fully regulated by statute, it cannot be further regulated by an administrative officer or board. They cite *Commonwealth* v. *McFarlane*, 257 Mass. 530, and *Commonwealth* v. *Johnson Wholesale Perfume Co. Inc.* 304 Mass. 452, 457. See *Commonwealth* v. *Baronas*, 285 Mass. 321, 322; *Borggaard* v. *Department of Public Works*, 298 Mass. 417. We are of the opinion, however, that the regulation is not thus repugnant to the statute. While the statute provides in general terms for sanitary standards to be observed in the preparation, handling, display, storage, and transportation of bakery products, it does not declare or imply that the further regulations which a local board of health is empowered to make may not embrace the wrapping and sealing or fastening of such products. See *Brielman* v. *Commissioner of Public Health of Pittsfield*, 301 Mass. 407; *Milton* v. *Donnelly*, 306 Mass. 451, 458.

5. The remaining question is whether the judge's findings expressly made or implied from the decree are decisive. The judge's express findings are not the equivalent of a report of material facts under the statute. Accordingly, as the plaintiffs contend, the entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561. *Cowan* v. *Mitchell*, 302 Mass. 417, 419. *Wiley* v. *Fuller*, 310 Mass. 597, 599. The decree is that the regulation is "indefi-

---

condition and free from dirt and dust, flies, insects and other contaminating matter. All show cases, shelves and other places where bakery products are sold shall at all times be kept by the dealer well covered, properly ventilated, adequately protected from dirt and dust, flies, insects and other contaminating matter, and in a sweet, clean and sanitary condition. Shipping baskets and other containers for transporting bakery products shall be kept clean and, whenever the property of a distributor or dealer, shall not be used for the shipment of other products to any person or concern. Section 3. All bakery products and ingredients thereof shall be stored, handled, transported and kept so as to protect them from spoilage, contamination, disease and unwholesomeness. Boxes and other permanent receptacles or containers for the storing, receiving or handling of bakery products shall be so placed and constructed as to be beyond the reach of contamination from streets, alleys and sidewalks and from animals, and shall be kept clean and sanitary by the dealer. No other articles shall be placed therein in addition to said products. No person shall tamper with, injure or contaminate said boxes, receptacles or containers, nor shall any person other than the baker or dealer or his employees remove anything therefrom or place anything therein."

nite, arbitrary, unreasonable and void." This adds nothing, in the circumstances, to the statement in the "Findings of material facts, rulings, and order for decree": "I find and rule that the regulation is indefinite, arbitrary, unreasonable and void." The words "find and rule" import that the conclusion stated is permissible as matter of law and is found as matter of fact. *Roney's Case,* 316 Mass. 732, 734. *Hummer's Case,* 317 Mass. 617, 624. *Demetre's Case,* 322 Mass. 95, 96.

We have considered above the question of indefiniteness. The bill does not allege that the regulation is arbitrary. To this extent the decree is beyond the scope of the bill. There are, to be sure, prayers that the "regulation be declared null and void," for an injunction against its enforcement, and for general relief. The scope of the bill is determined by its allegations and cannot be enlarged by the prayers, specific or general. *Bushnell* v. *Avery,* 121 Mass. 148, 149. *Fordyce* v. *Dillaway,* 212 Mass. 404, 411. *Brooks* v. *Rosenbaum,* 217 Mass. 172, 175. *Cole* v. *Wells,* 224 Mass. 504, 514. *W. A. Snow Iron Works, Inc.* v. *Chadwick,* 227 Mass. 382, 390. *Alden Bros. Co.* v. *Dunn,* 264 Mass. 355, 363. *North Easton Co-operative Bank* v. *MacLean,* 300 Mass. 285, 294–295. *Bleck* v. *East Boston Co.* 302 Mass. 127, 130. *Segal* v. *Switzer,* 305 Mass. 27, 29. Indeed, no ground of arbitrariness is now suggested or argued by the plaintiffs.

In *State* v. *Normand,* 76 N. H. 541, a regulation of the State board of health requiring the wrapping of bread was held not to be unreasonable. In *Re Shelly,* [1913] 10 D. L. R. 666, a similar city by-law was held not to be unreasonable because of the expense entailed.

The only ground of unreasonableness stated in the bill is that the regulation is "in fact injurious to hard crusted bread, rolls and other bakery products when placed in wrappings, by interfering with the natural circulation of moisture and air, which is necessary to maintain these products in fresh and proper condition." A finding of unreasonableness on any other ground would be beyond the scope of the bill.

The regulation distinguishes between bread, rolls, biscuits, and muffins produced in one "establishment" to be sold elsewhere, and bakery products to be sold within "the bakery or building" in which they are produced. The former "shall be packed in suitable retail units by wrapping in cellophane, waxed paper or other approved material, sealed or fastened in such a way as to prevent contamination by dust, dirt, insects or careless handling," and shall not be opened "prior to the final sale to individuals or consumers." The latter may be displayed if given protection from contamination pending sale, but "shall not be delivered to purchasers without being suitably wrapped or enclosed." The plaintiffs' allegations of unreasonableness are confined to wrapping. We interpret the allegations as intending to refer only to the first sentence of the regulation, but our conclusion would be the same as to the entire regulation. It will be perceived that the allegations do not include biscuits and muffins. We have taken out of the case "other bakery products" mentioned in the first sentence of the regulation.

The question then is whether it could properly be found or decreed that the regulation in requiring the wrapping of hard crusted bread or rolls is void for unreasonableness in the respect alleged. The regulation stands on the same footing as would a statute, ordinance, or by-law. *Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176, 186. See *Fieldcrest Dairies, Inc.* v. *Chicago*, 122 Fed. (2d) 132, 135 (C. C. A. 7). All rational presumptions are made in favor of the validity of every legislative enactment. Enforcement is to be refused only when it is in manifest excess of legislative power. *Perkins* v. *Westwood*, 226 Mass. 268, 271. *Lowell Co-operative Bank* v. *Co-operative Central Bank*, 287 Mass. 338, 343. *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 284. *Moore* v. *Election Commissioners of Cambridge*, 309 Mass. 303, 311. It is only when a legislative finding cannot be supported upon any rational basis of fact that reasonably can be conceived to sustain it that a court is empowered

to strike it down. *Slome* v. *Chief of Police of Fitchburg,* 304 Mass. 187, 189. If the question is fairly debatable, courts cannot substitute their judgment for that of the Legislature. *Simon* v. *Needham,* 311 Mass. 560, 564. *Foster* v. *Mayor of Beverly,* 315 Mass. 567, 572. *122 Main Street Corp.* v. *Brockton,* 323 Mass. 646, 649.

The requirement of the wrapping of hard crusted bread and rolls, whether for transportation from the establishment where produced and for sanitary keeping until sold to a consumer, or when sold in the building or bakery where produced, is an appropriate exercise of the power of a local board of health to make such further regulations affecting bakeries and bakery products "as the public health may require." G. L. (Ter. Ed.) c. 94, § 9D, as inserted by St. 1937, c. 362, § 3. The defendant board has determined wrapping to be a reasonable precaution to impose for protection against flies and other insects, for keeping out dust and dirt, for guarding against careless handling, and for prevention of exposure to germs and of transmission of disease. It cannot be said that this was not a rational means of achieving these objectives. We are satisfied that no evidence which could have been presented to the judge would have been sufficient to support a finding overthrowing the regulation on the ground of unreasonableness alleged in the bill.

The plaintiffs cannot complain that their business has been injured by the exercise of the police power for the benefit of the public health. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 150. The right to engage in business must yield to the paramount right of government to protect the public health by any rational means. *Lawrence* v. *Board of Registration in Medicine,* 239 Mass. 424, 428.

6. The final decree is reversed. A new final decree is to be entered declaring that that portion of the first sentence of the regulation reading "and any other bakery products, which, in the opinion of the board of health, require such protection" is void for indefiniteness, and that the remainder of the regulation is valid.

*So ordered.*