BUREAU OF OLD AGE ASSISTANCE OF NATICK *vs.* COMMISSIONER OF PUBLIC WELFARE
(and a companion case[1]).

Suffolk.     May 2, 3, 1950. — June 8, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Old Age Assistance. Public Welfare. Municipal Corporations,* Public welfare. *Regulation.*

The department of public welfare has no power under G. L. (Ter. Ed.) c. 118A, § 10, as appearing in St. 1941, c. 597, § 2, to adopt a regulation imposing on a municipality an obligation to furnish old age assistance beyond that imposed by c. 118A itself.

A municipality had no obligation under G. L. (Ter. Ed.) c. 118A as it stood in 1948 to continue to furnish old age assistance to a person, not settled therein, after he had voluntarily removed therefrom to another municipality.

A regulation promulgated by the department of public welfare under G. L. (Ter. Ed.) c. 118A, § 10, as appearing in St. 1941, c. 597, § 2, requiring a municipality where a recipient of old age assistance "last maintained a residence" to continue to furnish assistance to him for a specified time after his removal therefrom to a certain kind of home in another municipality, exceeded the authority given by the statute and was invalid in so far as it purported to impose such requirement upon a municipality in which the recipient had no settlement.

---

[1] The companion case is Attorney General *vs.* Bureau of Old Age Assistance of Natick.

PETITION for a writ of certiorari, filed in the Superior Court on May 13, 1949. Also a

PETITION for a writ of mandamus, filed in the Superior Court on March 10, 1949.

The cases were heard by *Broadhurst*, J.

*E. P. Healy*, Assistant Attorney General, for the Attorney General & another.

*A. B. Goodspeed*, Town Counsel, for the bureau of old age assistance of Natick.

RONAN, J. The first case is a petition for a writ of certiorari brought by the members of the bureau of old age assistance of the town of Natick against the commissioner of public welfare of the Commonwealth to quash his decision purporting to be in accordance with a directive or regulation known as "State Letter 29" and issued by the department of public welfare of the Commonwealth, which decision, if left standing, would require Natick to pay old age assistance to one Hayes, who at the time of his application to Natick for such aid was residing in Worcester and whose settlement was in the town of Methuen. The respondent appealed from an order for judgment quashing his decision.

The second case is a petition by the Attorney General in behalf of the commissioner for a writ of mandamus against the petitioners in the first case to compel them to pay assistance to Hayes in accordance with the aforesaid decision of the commissioner. The petitioner appealed from an order dismissing the petition.

The petitions were heard together. There seems to be little dispute as to the facts. Hayes resided in Natick from September, 1936, until April 24, 1948, when he removed from Natick upon being admitted at his own request to the Odd Fellows Home, a charitable institution located in Worcester, where he has since resided and where he has been supplied with food, clothing, lodging, medical care and all other personal needs, without charge. He is not a contract inmate of this home. He did not pay or promise to pay anything for his admission to or maintenance by the home.

He applied for and received old age assistance on March 4, 1941, from Natick and continuously thereafter while he resided in Natick and up to May 1, 1948, when at his request further aid ceased. Natick was reimbursed for a part of this assistance rendered to Hayes in accordance with G. L. (Ter. Ed.) c. 118A, § 8, as amended, and c. 117, § 14, as amended, by the town of Methuen where Hayes had a military settlement. Hayes, however, again applied to Natick for old age assistance on July 15, 1948, and upon the refusal of his application he appealed to the commissioner, who made a decision on December 3, 1948, to the effect that Hayes was entitled to assistance in a certain amount and notified the bureau of old age assistance of Natick.

In making this decision the commissioner was acting under a regulation, "State Letter 29," so called, which had been promulgated by the department of public welfare of the Commonwealth on September 17, 1947, and which purported to have been authorized under G. L. (Ter. Ed.) c. 118A, § 10, as appearing in St. 1941, c. 597, § 2. This regulation provided in substance that upon the removal of an old age assistance recipient to an incorporated home, boarding or nursing home located in another municipality and not supported in whole or in part by public funds, "the community where such a person last maintained a residence . . . shall grant and continue assistance for a period of at least one year beyond the date of application," made within a year after admission to the home.

The only question presented is the correctness of the decision of the commissioner of December 3, 1948, which in turn depends upon the validity of "State Letter 29."

The statute, G. L. (Ter. Ed.) c. 118A, § 10, as amended, empowers the department of public welfare to supervise the administration of our system of old age assistance and to adopt rules and regulations for its efficient administration. "The rules and regulations adopted by the department may include, among others, provisions relative to notice and reimbursement, the organization of the activities of bureaus of old age assistance under this chapter, including provisions

for adequacy of personnel, a uniform system of records and accounts to be kept by boards of public welfare or bureaus of old age assistance, and for the manner and form of making reports to the department." There is nothing in any of the matters specifically mentioned as being subject to rules and regulations of the department that permits the imposition of an obligation upon a town to furnish old age assistance to one who never had a settlement in the town after he no longer resides in the town but has voluntarily taken up his residence in another city or town. It is urged by the commissioner that the authority to promulgate the rule in question is included in the broad and general power conferred upon the department to supervise and administer this system of relief. Where a grant of power is expressly conferred by statute upon an administrative officer or board or where a specific duty is imposed upon them, they in the absence of some statutory limitation have authority to employ all ordinary means reasonably necessary for the full exercise of the power and for the faithful performance of the duty. *Fluet* v. *McCabe*, 299 Mass. 173. *George A. Fuller Co.* v. *Commonwealth*, 303 Mass. 216. *Attorney General* v. *Trustees of Boston Elevated Railway*, 319 Mass. 642, 655. *Scannell* v. *State Ballot Law Commission*, 324 Mass. 494. But an administrative board or officer has no authority to promulgate rules and regulations which are in conflict with the statutes or exceed the authority conferred by the statutes by which such board or office was created. *Commonwealth* v. *McFarlane*, 257 Mass. 530. *Borggaard* v. *Department of Public Works*, 298 Mass. 417. *Commonwealth* v. *Johnson Wholesale Perfume Co. Inc.* 304 Mass. 452. *Furlong* v. *Ayers*, 305 Mass. 455. *Assessors of Quincy* v. *Boston Consolidated Gas Co.* 309 Mass. 60, 71. *Nichols* v. *Commissioner of Public Welfare*, 311 Mass. 125, 128. *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129.

The Legislature has the general power to determine the extent to which the public burden arising out of the granting of relief and assistance in one form or another shall be borne by the Commonwealth or imposed upon the cities and towns

so long at least as such burdens are imposed without unreasonable discrimination. The liability of cities and towns to furnish or to pay for such relief does not rest upon the common law but is entirely of statutory origin. It has long been the policy of this Commonwealth to require a city or town to furnish relief to one who has fallen into distress within its boundaries, and to secure reimbursement from the municipality in which such person had his settlement or from the Commonwealth if he had no settlement in the State. A town in which he had no settlement or in which he had no residence or in which he was not found was under no obligation to furnish relief or to pay for it if furnished by some other town. *Smith* v. *Colerain,* 9 Met. 492. *City Hospital of Quincy* v. *Milton,* 232 Mass. 273. *Symmes Arlington Hospital, Inc.* v. *Arlington,* 292 Mass. 162, 164. *Cohasset* v. *Scituate,* 309 Mass. 402.

It is a clear implication of c. 118A, as appearing in St. 1936, c. 436, § 1, as amended, that a town is under no obligation to furnish old age assistance to one having no settlement in the town after he voluntarily takes up his residence in another town. Under a statute, G. L. (Ter. Ed.) c. 118, § 2, worded somewhat similarly to c. 118A, § 2, in respect to the place liable to furnish relief, it was held that a mother with a dependent child living within a municipality was entitled to be paid mother's aid, so called, even if the legal settlement of the child and mother might be in some other city or town. *Attorney General* v. *Board of Public Welfare of Northampton,* 313 Mass. 675. The implication in that case is that the respondents could not be required to furnish relief if the mother and child were neither living in nor had a settlement in Northampton.

The question of the liability of Natick to pay assistance to Hayes, who is residing in Worcester and intends to remain there, does not rest upon implication. By G. L. (Ter. Ed.) c. 118A, § 8, any town rendering assistance may recover one third of the amount of assistance from the town in which the recipient had a legal settlement in an action of contract "in accordance with chapter one hundred

and seventeen." But it is plain that there can be no recovery over except for expenses incurred by a board of public welfare in carrying out its duty to "provide for the immediate comfort and relief of all persons residing or found therein, having lawful settlements in other towns, in distress and standing·in need of immediate relief, until removed to the towns of their lawful settlements." G. L. (Ter. Ed.) c. 117, § 14, as most recently amended by St. 1939, c. 39, § 1. "State Letter 29" attempts to fasten liability upon a town to furnish aid to one as to whom the statute imposes no such liability. If such aid were furnished, that would not enable the town to secure reimbursement to which it would have been entitled if it had lawfully been compelled to furnish assistance.

The rule or regulation referred to as "State Letter 29" of the department of public welfare was in excess of the authority of the department, and the decision of the commissioner made in pursuance of this rule was invalid. The order dismissing the petition for a writ of mandamus was right. *Clifford* v. *School Committee of Lynn,* 275 Mass. 258. *Russell* v. *Secretary of the Commonwealth,* 304 Mass. 181, 186. *Henderson* v. *Mayor of Medford,* 321 Mass. 732, 734.

In the first case the order will be decision of the commissioner quashed, and in the second case the order will be judgment for the respondents.

*So ordered.*