*Southern District*

*Municipal Court of Brookline*

No. 127-1954

**ROSE NAYOR**

**v.**

**BROOKLINE RENT BOARD**

**and**

**DRYCO PROPERTIES, INC.**

*Welch, J.* This is a petition brought by a tenant against her landlord and the Brookline Rent Board to have the Board's order increasing the rent of her apartment declared unconstitutional, illegal and void. The complaint is brought under the provisions of Acts of 1953, c. 434, s. 6 (a), (Rent Control Act).

*At the trial before (Grover, J.) there was evidence to show that* the Board after careful investigation and consideration prepared a formula evaluating all five factors mentioned in s. 5 (a) of the Act, which formula would permit certain percentages of increase of rents to landlords according to the services given the tenant.

The Board held a public hearing at which about 500 citizens attended and explained the formula. Petitioner's counsel was present and opposed the application of the formula to any request for permission to raise rents unless it was established that the rent being received did not yield a "fair net operating income." s. 5 (a) of the Act.

The Board adopted the formula and proceeded to apply it to the 2600 odd dwelling units for which applications for permission to raise rents were filed, after notice to each tenant giving him an opportunity to reply.

One of the applications was from the respondent Dryco Properties, Inc. applicable to the apartment occupied by the petitioner. The petitioner, by counsel, opposed before the Board the application of the formula and requested opportunity to summons a representative of the landlord *duces tecum* and examine him with a view to ascertaining whether or not the rent being received yielded a fair net operating income. The Board declined to give such opportunity, did nothing further, applied its formula and issued an order allowing the rent increase. From that Action of the Board this appeal was taken under s. 6 (a) of the Act.

The trial judge dismissed the petition. The tenant filed requests for rulings and claims to be aggrieved

by the denial of some of them. Without setting out in full the rulings requested it is clear that the substance of the tenant's contentions is that the Board denied her constitutional guaranty of due process of law and acted illegally by granting the rent increase in accordance with the formula.

There was no error in the denial of the requests. The petitioner claims that the acts and procedure of the Board in granting a rent increase were a denial of the tenant's constitutional guaranty of due process of law. In his brief the counsel for the petitioner did not discuss this phase of the case. We assume that the petitioner refers to Article V of the Constitution of the United States [and its Fourteenth Amendment] which provides that no person shall be "deprived of . . . property without due process of law." Chapter 434 regulates property rights of landlords only. By the Act the landlord is restricted in the charges he can make for rents in properties he owns. The beneficiary is the tenant. She has no property rights that are being taken away from her.

The petitioner's main grievance is that the Board applied the formula to her case. §5 (a) of the Act provides that the Board shall by regulation or order make such individual and general adjustments in maximum rents as may be necessary to remove hardships or to correct other inequities, or further to carry out the purposes and provisions of the Act.

The object of the Act is to relieve a shortage of housing by increasing the number of housing units. *Russell v. Treas. & Rec. Gen.* 1954 A.S. 571. The judge has found that the Board after careful investigation and consideration prepared a formula evaluating all five factors mentioned in §5 (a) which formula would permit certain percentages of increase in rents, according to the services given the tenant, to landlords seeking permission to raise their rents. By applying the formula in each case the Board was able to make a determination of whether or not a landlord was receiving rent adequate to produce a

fair net operating income as a condition precedent to permitting an increase.

Chapter 434 was an emergency act adopted to alleviate the severe shortage of rental housing in certain areas of the Commonwealth which shortage has caused a serious emergency detrimental to the public peace, health, safety and convenience. In Brookline there were over 2600 dwelling units for which application to raise rents were filed. In order to meet the emergency the Board issued a regulation in the form of a formula to determine fair operating income in each individual case. Under the Act large discretion was given to the Board to be exercised within a defined field for a definite end. *Opinion of Justices,* 315 Mass. 761, 768.

"A statutory grant of power may be general or particular. An express grant carries with it by implication all incidental authority required for the full and efficient exercise of the power conferred. The Legislature need not enumerate nor specify definitely and precisely, each and every ancillary act that may be involved in the discharge of an official duty. It is enough for the Legislature to impose the duty to be performed within a prescribed field for a designated end, leaving to the Board's discretion the selection of the appropriate methods and means and the other administrative details to be employed in accomplishing the statutory purpose." *Scannell v. State Ballot Commission,* 324 Mass. 494, 501.

"Where a grant of power is expressly conferred by statute upon an administrative officer or board or where a specific duty is imposed upon them, they, in the absence of some statutory limitation have authority to employ all ordinary means reasonably necessary for the full exercise of the power and for the faithful performance of the duty." *Bureau of Old Age Assistance v. Commissioner of Public Welfare,* 326 Mass. 121 @ 124.

We think the trial judge was right in finding that the action of the Board was a fair and reasonable

carrying out of the administrative authority vested in it.

There being no prejudicial error, the report is dismissed.

Charles F. Nayor, for Pet'r.

Daniel G. Rollins, for Respt., Brookline Rent Bd. David S. Turetsky, for Respt., Dryco Properties, Inc.