ATTORNEY GENERAL *vs.* MAYOR OF SPRINGFIELD.

Suffolk.   December 4, 1946. — January 6, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Springfield.   Statute,* Construction, Repeal.

The provision of § 1 of St. 1883, c. 25, that the "mayor of the city of Springfield shall be ex officio a member and chairman of the school committee of said city," was not repealed nor affected by St. 1936, c. 141.

Neither facts which led up to the enactment of St. 1936, c. 141, nor rules and regulations of the school committee of Springfield nor their practice after such enactment were entitled to weight in determining whether the provision of St. 1883, c. 25, § 1, that the mayor should be ex officio chairman of the committee, was repealed by the later statute.

INFORMATION in the nature of quo warranto, filed in the Supreme Judicial Court for the county of Suffolk on July 1, 1946.

The case was reserved and reported by *Ronan,* J., without decision.

The case was submitted to the full court on briefs.

*C. A. Barnes,* Attorney General.

*S. A. Moynahan,* City Solicitor, *& C. D. Sloan,* Assistant City Solicitor, for the mayor of the city of Springfield.

RONAN, J.   This is an information in the nature of quo warranto to oust the respondent from the office of chairman of the school committee of Springfield.   At the request of the parties the case was reserved and reported by the single justice to the full court. .

The respondent, Brunton, became mayor of Springfield on January 7, 1946.   After various attempts by the school committee to elect a chairman which culminated in a tie vote on January 25, 1946, the respondent stated that he would assume the office and would continue to act as such unless he was legally removed therefrom.   He has since claimed to act as chairman.   The committee has not elected any chairman since the inaugural of the respondent as mayor.

At the outset of the case we are met with the objection that an information in the nature of quo warranto brought by the Attorney General is not an appropriate remedy to determine the title of the respondent to the chairmanship of the school committee because the chairmanship is not a public office separate and distinct from membership in the committee; but in view of the conclusion we reach on the merits it is not necessary to decide that question.   See *Attorney General* v. *Sullivan,* 163 Mass. 446; *Attorney General* v. *Drohan,* 169 Mass. 534; *Kaplan* v. *Sullivan,* 290 Mass. 67.

The answer to the present controversy depends upon the question whether St. 1883, c. 25, was repealed by St. 1936, c. 141.   The single aim and object of the first statute is demonstrated by its only substantive provision which is in these words, "The mayor of the city of Springfield shall be ex officio a member and chairman of the school committee of said city" (§ 1).   See *Kane* v. *School Committee of Woburn,* 317 Mass. 436.   The second statute provides for an acting mayor in certain contingencies, the qualifications of members of the board of aldermen, the common council and the school committee, the number of persons which shall comprise the common council and the school committee, and the date for the organization meeting of the mayor, aldermen and common council when the first Monday of January

is a holiday (§§ 1–6, inclusive). This statute also provides that such provisions of the city charter, St. 1852, c. 94, as amended, as are inconsistent with any provision of this statute are repealed (§ 7). The part of this statute that is now material is found in § 4, which provides that the school committee "shall consist of the mayor, ex officio, and nine other persons." The rest of the section is concerned with the residential qualifications of these nine persons.

The facts which led up to the enactment of the second statute do not aid the Attorney General, but we do not think that such facts are material in the interpretation of a statute that is free from ambiguity. *Old South Association* v. *Boston,* 212 Mass. 299. Nor are any regulations of the school committee or its practice since the enactment of St. 1936, c. 141, with reference to the selection of a chairman entitled to weight in these circumstances. *Cox* v. *Segee,* 206 Mass. 380, 381. *Gordon* v. *Chief of Police of Cambridge,* 244 Mass. 491. *Allen* v. *Commissioner of Corporations & Taxation,* 272 Mass. 502, 509. *Commonwealth* v. *Baronas,* 285 Mass. 321, 322. *Modern Finance Co.* v. *Holz,* 307 Mass. 281. This statute, in so far as the school committee is concerned, deals merely with the personnel of the committee and the residential qualifications of its members, other than the mayor. It does not deal with the organization of the committee or with any matter relative to its internal administration or procedure. It makes no mention of the chairmanship. It goes only to the extent of making the mayor a member of the committee. It does not cover the same field relative to the chairmanship as that covered by the first statute. The later statute does not in terms repeal the earlier statute, and the provision that all prior inconsistent statutory provisions are repealed adds nothing to the determination of the present question because that result would necessarily follow in the absence of such a provision. *Commonwealth* v. *Kimball,* 21 Pick. 373, 377. It does not appear that the later statute was intended to be a substitute for the earlier one. We see nothing in the later statute that is repugnant to the earlier one. The provision of the earlier act designating the mayor as chairman of the school com-

mittee is not inconsistent with the later act and is therefore unaffected by the later enactment. *Commonwealth* v. *Huntley*, 156 Mass. 236, 238. *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352. *Ryan* v. *Marlborough*, 318 Mass. 610, 613. *Hersch* v. *Police Commissioner of Boston*, 319 Mass. 428, 432. *Haines* v. *Town Manager of Mansfield*, *ante*, 140, 142–143.

*Information dismissed.*