JOHN E. GILLAM & others *vs.* BOARD OF HEALTH OF SAUGUS.

Essex.    May 9, 1951. — July 12, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trailer Coach Park.    Health, Board of.    Regulation.*

The power granted to a board of health by G. L. (Ter. Ed.) c. 140, § 32B, inserted by St. 1939, c. 416, as amended, to make regulations respecting trailer coach parks "to enforce this section" is not confined to regulations directly relating to the public health.

A regulation made by the board of health of a town under G. L. (Ter. Ed.) c. 140, § 32B, inserted by St. 1939, c. 416, as amended, forbidding residence in a trailer coach park, formerly called a trailer camp, for more than ninety days in any period of six months, was valid.

PETITION for a writ of mandamus, filed in the Superior Court on July 27, 1950.

The case was heard by *Donahue,* J., upon an agreed statement of facts. The respondent appealed from an order for the issuance of the writ.

In this court the case was submitted on briefs.

*A. L. Hogan,* Town Counsel, for the respondent.

*M. S. Heaphy & G. Fingold,* for the petitioners.

LUMMUS, J.  These petitioners for a writ of mandamus have for some years conducted trailer coach parks, formerly called trailer camps, along the Newburyport Turnpike in Saugus under licenses granted by the respondents under G. L. (Ter. Ed.) c. 140, § 32B, which originated in St. 1939, c. 416, was revised by St. 1945, c. 153, and is now amended by St. 1950, c. 326, § 4, and St. 1950, c. 802, § 1. The section cited provides that a license shall expire at the end of the year for which it is issued, and that "The board of health of a city or town may adopt, and from time to time alter or amend, rules and regulations to enforce this section in such city or town."

When the petitioners applied for a renewal of their licenses for the year 1950, renewal was refused because of "noncompliance with Article 16, Section 10, of the Rules and Regulations of the Board of Health adopted January 29, 1940, and Section 10 of the Special By-laws of the town of Saugus enacted on November 8, 1937." The provisions just mentioned read as follows: "It shall be unlawful to remain or live in any tourist camp for more than ninety (90) days in any six (6) months period, excepting, of course, bona fide employees." The parties agree that during 1949 and 1950 persons other than bona fide employees lived in trailers in the petitioners' camps for more than ninety days in a six months period, and also that the words "tourist camp" include trailer camps.

In the Superior Court an order was made that a writ of mandamus be issued, commanding the respondents to grant a renewal of the licenses to the petitioners. The respondents appealed.

The petitioners contend that the rule making power given to the board of health by § 32B is limited to the making of rules directly relating to public health.   But when § 32B was enacted boards of health already had power to "make reasonable health regulations."   G. L. (Ter. Ed.) c. 111, § 31, which originated in St. 1920, c. 591, § 17, and was amended by St. 1937, c. 285.   *Brielman* v. *Commissioner of Public Health of Pittsfield*, 301 Mass. 407, 409.   *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 133.   If the power granted by § 32B to adopt rules to enforce that section were limited to health regulations, it would add nothing to the power already possessed under G. L. (Ter. Ed.) c. 111, § 31.   It is not to be assumed that words in a statute have no force or effect.   *Allen* v. *Cambridge*, 316 Mass. 351, 355.   *Repucci* v. *Exchange Realty Co.* 321 Mass. 571, 575.   *Selectmen of Topsfield* v. *State Racing Commission*, 324 Mass. 309, 314.   The rule in question cannot be pronounced lacking in rational purpose.   In other States similar rules have been held valid, as tending to prevent permanent occupation of dwelling places which do not conform to the requirements of building codes.   *Spitler* v. *Munster*, 214 Ind. 75.   *Renker* v. *Brooklyn*, 139 Ohio St. 484, 486.   *Cady* v. *Detroit*, 289 Mich. 499, appeal dismissed 309 U. S. 620.   *Lower Merion Township* v. *Gallup*, 158 Pa. Super. Ct. 572, appeal dismissed 329 U. S. 669.

Since a majority of the court think that the rule of the board of health was valid, we need not inquire whether the by-law to the same effect was authorized by G. L. (Ter. Ed). c. 40, § 21 (1).   *Commonwealth* v. *Kimball*, 299 Mass. 353, 356.   *North Reading* v. *Drinkwater*, 309 Mass. 200.   *Commonwealth* v. *Wolbarst*, 319 Mass. 291.   In the opinion of a majority of the court the granting of a writ of mandamus was error.

*Order for issuance of writ of mandamus reversed.*
*Petition dismissed.*