ROGER BLATCHFORD *vs.* MAYOR AND ALDERMEN OF
GLOUCESTER.

Essex.    November 4, 1953. — January 4, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Civil Service.    Mandamus.    Public Officer.*

A mandamus proceeding could not be maintained by a police officer of
a city against the municipal council thereof attacking the respond-
ents' appointment of a patrolman as sergeant upon certification of
the patrolman's name for promotion to the grade of sergeant by the
director of civil service from a lieutenant eligibility list in the absence
of any sergeant eligibility list, where the petitioner asserted no claim
of title to the position of such appointee but merely alleged that he was
aggrieved in that the appointment reduced the number of vacancies in
the grade of sergeant.

PETITION for a writ of mandamus, filed in the Superior
Court on February 25, 1953.

A demurrer to the petition was sustained by *Fairhurst,* J.
In this court the case was submitted on briefs.

*Louis Albert,* for the petitioner.

*Carlton W. Wonson,* City Solicitor, & *Leo Schwartz,* for
the respondents.

COUNIHAN, J.    This is a petition for a writ of mandamus
against the mayor and aldermen of the city of Gloucester,
as they constitute the municipal council thereof, by a police
officer of the city.    It challenges the appointment of one
Arthur Jacobson as a police sergeant.

A demurrer was sustained, and the petitioner appeals.
G. L. (Ter. Ed.) c. 231, § 96.    There was no error.

The petition sets out in effect that on June 11, 1952, the
respondents made requisition on the civil service commis-
sion for certification of a name from an existing police lieu-
tenant eligibility list for appointment as a police sergeant.
At that time no sergeant eligibility list for Gloucester

was in existence and up to the filing of this petition no such list had been established. The director of civil service refused to honor the requisition on the ground that names could not be certified from the lieutenant list to fill vacancies in the grade of sergeant. He ordered a competitive promotional examination for sergeant which does not appear to have been held prior to the appointment of Jacobson. When the requisition was made the name of Jacobson, then a patrolman and acting sergeant, was on the lieutenant list. Subsequently upon request of the respondents and after a hearing the director of civil service certified the name of Jacobson for promotion to the grade of sergeant. The respondents appointed him as such and he assumed the office.

The petitioner alleges no claim of title to the office held by Jacobson. He does allege that he is aggrieved by the action of the respondents because it reduced the number of vacancies in the grade of sergeant, and he prays that a writ issue directing the respondents to call for a competitive promotional examination for sergeant and to declare void the appointment of Jacobson.

The action of the judge was right. This petition in effect is a proceeding to try title to the office of sergeant held by Jacobson, and while it is true that one of the purposes of mandamus is to try title to a public office it does not lie when the petitioner does not assert title to the office himself. *Sevigny* v. *Russell,* 260 Mass. 294. *Wardwell* v. *Leggat,* 291 Mass. 428, 429–430. *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 396. There may be other grounds upon which the demurrer could have been sustained but we think what we have said is sufficient.

*Order sustaining demurrer affirmed.*
*Petition dismissed.*