TOWN OF MILTON & others vs. METROPOLITAN DISTRICT
COMMISSION.

Suffolk.    January 6, 1961. — March 10, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Metropolitan District Commission. Sewer.*

Reading together G. L. c. 92, §§ 5, 5A, as appearing in St. 1959, c. 612,
§ 3, and § 5 of c. 612, relating to apportionment among the munici-
palities served by the metropolitan sewerage system of sums payable to
the Commonwealth to meet principal and interest requirements on con-
struction debt, the apportionment made by the metropolitan district
commission in 1960 pursuant to G. L. c. 92, § 5A, using the percentages
specified in St. 1959, c. 612, § 5, would not be applicable only to 1960
but would also continue to be effective in the years thereafter until
there should be a new apportionment in 1965 under G. L. c. 92, §§ 5, 5A;
the commission, by such 1960 apportionment, fulfilled its present duty
under the statutes.

PETITION for a writ of mandamus filed in the Superior
Court on August 2, 1960.

The case was reported by *Lurie, J.*

*John J. Murray,* Town Counsel, (*Joseph G. Crane* with
him,) for the petitioners.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, for
the Metropolitan District Commission.

SPIEGEL, J.   This is a petition for a writ of mandamus
brought by the town of Milton and its selectmen.   The peti-
tioners seek to have the court require the Metropolitan
District Commission, hereinafter referred to as the com-
mission, to establish the proportions in which the cities and
towns in the Metropolitan Sewerage System shall make
annual payments to the Commonwealth to meet interest and
principal charges attributable to sewer construction costs.
The case was reserved by a judge of the Superior Court
without decision and reported to this court upon (1) the
petition; (2) the answer; (3) the agreed statement of all

the material facts and exhibits attached to said agreement, constituting a case stated; and (4) the motion to amend the petition.

Under § 5A[1] of G. L. c. 92, inserted by § 3 of St. 1959, c. 612, the commission is required to establish, not later than September 1, 1960; and in every fifth year thereafter, the proportion in which each of the cities and towns served by the Metropolitan Sewerage System shall annually pay money to the Commonwealth to meet interest and principal requirements on the debt which the Commonwealth incurred in constructing the Metropolitan sewers and sewerage works.

The petitioners allege that prior to September 1, 1960, they sought to have the commission establish the proportions to be paid by the various cities and towns for the five year period beginning January 1, 1961, and to have the commission take into consideration changes in the town of Milton's sewer connections in establishing Milton's proportion. The petitioners further allege that they were aggrieved by the failure of the commission to establish such proportions and that the commission was required to do so under G. L. c. 92, § 5A, as inserted. The commission denies that it has failed to comply with the provisions of § 5A.

There is no need to resort to the legislative history of St. 1959, c. 612, because its words are unequivocal. Indeed, because of its clarity we should not interpret it by resorting to its legislative history. *Boston Consol. Gas Co.* v. *Department of Pub. Util.* 321 Mass. 259, 266.

General Laws c. 92, § 5,[2] as inserted by St. 1959, c. 612,

---

[1] "Not later than September first in the year nineteen hundred and sixty and in every fifth year thereafter, the commission shall establish the proportion in which each of the cities and towns served by said system shall annually pay money to the commonwealth to meet interest and principal requirements to be borne by all cities and towns served by the metropolitan sewerage system, as provided in section five . . . ."

[2] ". . . The proportion to be paid by each city and town of the total annual amount shall be determined by dividing the aggregate capacity of munici-

§ 3, sets forth the procedure for arriving at the proportion of the total amount each city and town in the Metropolitan Sewerage System shall pay to the Commonwealth to meet the interest and principal requirements on debts for sewers and sewerage works. There is no dispute between the parties as to the meaning or effect of this section.

General Laws c. 92, § 5A,[3] as inserted, requires the commission, not later than September 1, 1960, and in every fifth year thereafter, to establish the proportions using the procedure laid down by § 5.

Statute 1959, c. 612, § 5,[4] which was not incorporated into the General Laws, establishes percentages the commission shall adopt in determining the proportions in which the cities and towns served by the Metropolitan Sewerage System shall pay money to the Commonwealth to meet interest and principal requirements in the year 1960, pursuant to the duties imposed on the commission by G. L. c. 92, § 5A, as inserted.

The petitioners argue that the Legislature, by the terms of § 5 of St. 1959, c. 612, made a specific provision for the year 1960; that the percentages set forth in § 5 applied solely to the year 1960; and that on or before September 1, 1960, the commission was required to make another appor-

---

pal sewers of each city and town connected to sewers operated by the commission by the total capacity of all municipal sewers connected to district sewers provided, however, that in no case shall the aggregate capacity of any municipal sewer used in the determination of such ratio be greater than the pro-rated capacity of the district sewer at the point of such connection. At every point on the metropolitan sewerage system at which the capacity of the main sewer is less than the aggregate capacity of the sewers converging at that point, the available capacity of the main sewer shall be apportioned among the two or more lines converging at such point in proportion to the capacities of such converging lines.''

[3] Footnote 1, *supra.*

[4] ''In determining the proportion in which the several cities and towns served by the metropolitan sewerage system shall pay money to the commonwealth to meet interest and principal requirements in the year nineteen hundred and sixty the commission, in discharging duties imposed on it by section five A of chapter ninety-two of the General Laws, inserted by section three of this act, shall adopt the following apportionment:—

| Cities and Towns | Percent |
|---|---|
| . . . | . . . |
| Milton | 4.74 |
| . . . | . . .'' |

tionment for the five years beginning January 1, 1961, in accordance with G. L. c. 92, § 5, as inserted.

This interpretation disregards words and phrases contained in § 5 of G. L. c. 92, as inserted, and § 5 of St. 1959, c. 612. To say that the percentages set down in St. 1959, c. 612, § 5, are to be used by the commission only in determining the debt charges for 1960 of each city and town in the Metropolitan Sewerage System and not in establishing, on or before September 1, 1960, the proportions to be annually paid by each city and town pursuant to § 5A of G. L. c. 92, as inserted, is to treat as surplusage the phrase found in § 5 of St. 1959, c. 612: "... in discharging duties imposed on it [the commission] by section five A of chapter ninety-two of the General Laws, inserted by section three of this act ...." "It is not to be assumed that words in a statute have no force or effect." *Gillam* v. *Board of Health of Saugus,* 327 Mass. 621, 623. "None of the words of a statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute, so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature." *Bolster* v. *Commissioner of Corps. & Taxn.* 319 Mass. 81, 84–85.

For the commission to make one apportionment for 1960 based on the percentages supplied by the Legislature in St. 1959, c. 612, § 5, and another for the five years beginning January 1, 1961, as the petitioners contend it must, would be in obvious conflict with the terms of § 5A of G. L. c. 92, as inserted. Section 5A grants the commission the power to make only one apportionment in 1960, and that not later than September 1, and the next date on which an apportionment may be set is September 1, 1965. The express mention in § 5A of the dates on which proportions shall be established excludes by implication the establishment of proportions at other times. *Spence, Bryson, Inc.* v. *China*

*Prod. Co.* 308 Mass. 81, 88. *County of Bristol* v. *Secretary of the Commonwealth,* 324 Mass. 403, 406–407.

The individual sections of St. 1959, c. 612, are not in conflict with one another when read in context. See *Selectmen of Topsfield* v. *State Racing Commn.* 324 Mass. 309, 312–313. Taken as a whole the legislation embodied in c. 612 is plain and unambiguous.

General Laws c. 92, § 5A, imposes upon the commission the duty to establish, not later than September 1, 1960, and in every fifth year thereafter, the proportions in which each city and town in the Metropolitan Sewerage System shall annually pay money to the Commonwealth to meet interest and principal requirements of the system, using the formula enunciated in § 5 of G. L. c. 92, as inserted. The Legislature, by means of St. 1959, c. 612, § 5, has determined the percentages which the commission must adopt in establishing the proportions on or before September 1, 1960. Section 5 of c. 612, St. 1959, does not nullify or replace the formula set down in G. L. c. 92, § 5, so far as the September 1, 1960, establishment of proportions is concerned, but rather effectuates it. Since it was the purpose of the Legislature to set up a new system of apportionment of debt charges it is only logical that the Legislature would use its system in arriving at the percentages embodied in St. 1959, c. 612, § 5. To interpret this otherwise is to bring the two sections into conflict. We do not have to stretch our reasoning to avoid this result. See *Opinion of the Justices,* 324 Mass. 736, 744. The commission, on or before September 1, 1965, may resort to the formula in G. L. c. 92, § 5, to establish new proportions if there have been such changes in the Metropolitan Sewerage System occasioned by construction and connections as to warrant a change in the proportions under G. L. c. 92, § 5A.[5]

It is not prejudicial to the interpretation we have given to § 5, St. 1959, c. 612, that § 5 sets forth the proportions in

---

[5] ". . . provided, however, that no changes shall be made in the proportions established in the year nineteen hundred and sixty except such as are occasioned by construction and connections authorized by law after January first, nineteen hundred and sixty or authorized by the commission under section two. . . ."

which the cities and towns in the Metropolitan Sewerage System shall pay money to the Commonwealth to meet the principal and interest requirements "in the year nineteen hundred and sixty" and does not mention the years thereafter since a determination of the proportion a city or town must pay in 1960 necessarily effects a determination of the proportion the city or town must pay in years thereafter until such time as a new proportion may be established.

The petitioners argue that patent hardship and injustice will result if it be held that relief for the town of Milton cannot be had for a five year period. We do not agree. The levies are made to retire the debt incurred in constructing the Metropolitan Sewerage System. The extent of the construction was dictated by the capacities of the cities and towns at the time of the construction. The fact that a town now feels that it no longer requires its former capacity does not serve to reduce the outstanding debt, which must be paid, or decrease the extent of the construction already accomplished. To allow a town to so reduce its proportion of the debt charges would increase the share of other cities and towns since the debt and the extent of the construction remain static.

Even if an injustice or a hardship were to result, it is not the province of this court to so interpret the language of the statute that such a result may be avoided, where, as here, the language of the statute, taken as a whole, is clear and unambiguous. *Tilton* v. *Haverhill,* 311 Mass. 572, 578. *Porter* v. *Nowak,* 157 F. 2d 824, 825–826 (1st Cir.). To stretch the meaning of a statute so as to adjust an alleged injustice, inequity or hardship could cause a multiplicity of interpretations as each alleged injustice, inequity, or hardship arose.

The question is not presented and we intend no suggestion as to whether the decrease in the width of the town of Milton's connections has resulted in a reduction of the aggregate capacity of that town's sewers such as would authorize the commission to change the proportion set in

1960. It is enough to say that the writ of mandamus sought by the town of Milton should not issue. The commission in making an apportionment not later than September 1, 1960, which adopted the percentages set down by the Legislature has done all it is required to do at this time under St. 1959, c. 612, and G. L. c. 92, as amended. The petition is to be dismissed.

*So ordered.*