MARGARET M. PORTER *vs.* CITY COUNCIL OF MALDEN
& others.

Middlesex.     May 10, 1963. — July 5, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Malden. Municipal Corporations,* Officers and agents. *Elections. Statute,* Construction, Repeal. *Mandamus. Public Officer. Public Duty.*

St. 1958, c. 286, § 1, fully and clearly covering the procedure to be followed in the event of a vacancy in the city council of Malden, superseded the inconsistent procedure set forth in St. 1955, c. 550, § 3; and, an elected councillor having died prior to taking office, the mayor and city council must "issue their warrant for a new election" to fill the vacancy in accordance with the mandate of the 1958 statute instead of the council filling the vacancy in accordance with the procedure set forth in the 1955 statute. [371–372]

A registered voter and resident of a ward in Malden had standing to maintain a mandamus proceeding to compel the mayor and city council to

issue their warrant for a new election to fill a vacancy in the council from that ward in accordance with the mandate of St. 1958, c. 286, § 1, after the council, purportedly acting under St. 1955, c. 550, § 3, had chosen one to fill the vacancy and the mayor had administered the oath of office to him. [372–373]

PETITION for a writ of mandamus filed in the Superior Court on February 8, 1962.

The case was heard by *Thompson, J.,* on demurrers and by *Dewing, J.,* on the merits.

*Bernard Kaplan* (*Cornelius R. Rosdahl,* City Solicitor, with him) for the respondents.

*Avram G. Hammer* (*Richard C. Sheppard* with him) for the petitioner.

REARDON, J.   This is a petition for a writ of mandamus brought against the mayor and the city council of Malden and James J. Murphy.   It asks that the mayor and city council be ordered to issue their warrant for an election to the office of councillor from Ward 1.   The respondents have appealed from orders overruling their demurrers and from the order for judgment directing the writ to issue in accordance with the prayer of the petitioner.   The evidence is reported and the judge made findings.

The facts are as follows: The petitioner is a registered voter and resident of Ward 1.   On Tuesday, November 7, 1961, an election for city councillors was held.   The only candidates for councillor from Ward 1 were Walter M. Haley and the respondent Murphy.   Haley was elected but died thereafter prior to taking office.   On January 1, 1962, the mayor-elect and the other councillors-elect assumed their respective offices.   No one took office as councillor from Ward 1.   At a regular session of the council on January 2, 1962, the city clerk of Malden gave notice to the city council under the provisions of St. 1955, c. 550, that the councillor-elect from Ward 1 had died before taking office and that the respondent Murphy had received the next highest number of the votes in the election.   The city council at a regular session on January 16, 1962, chose Murphy as councillor from Ward 1, and he thereupon took an oath administered by the mayor.

The petitioner, in reliance on St. 1958, c. 286, § 1, challenges the legality of Murphy's selection. The respondents contend that his selection was in accordance with applicable provisions of the city charter, as amended, and dispute the standing of the petitioner as a proper party to bring the proceeding.

Statute 1881, c. 169, was the original city charter. It provided for a board of aldermen and a common council, and in § 9 there appeared the language, "Each board shall keep a record of its own proceedings, and judge of the election of its own members; and in case of failure of election, or in case of vacancy declared by either board, the mayor and aldermen shall issue their warrant for a new election." This sentence remained unchanged until 1955 when, by virtue of St. 1955, c. 550, the Malden charter was amended, its bicameral form of city government was abolished and a city council substituted. Chapter 550, under its own terms, became effective January 1, 1958. Section 3 provided in part: "If at a regular municipal election there is a failure to elect a city councillor, or if a person elected city councillor at such election dies or resigns before taking office, the city clerk shall, as soon as conveniently may be after the remaining city councillors-elect take office, notify the city council of such failure to elect, death or resignation; and within fifteen days after such notification, the members thereof shall choose, as city councillor for the unexpired term, whichever of the defeated candidates for the office of city councillor at such election, who are eligible and willing to serve, received the highest number of votes at such election for the office in which the vacancy occurs, or, if there is no such defeated candidate eligible and willing to serve, a registered voter of the city duly qualified to vote for a candidate for the office of city councillor in which the vacancy occurs." Section 5 of the Act read: "So much of chapter one hundred and sixty-nine of the acts of eighteen hundred and eighty-one and acts in amendment thereof and in addition thereto as are inconsistent herewith are hereby repealed."

Further amendment of the city charter was effected by St. 1958, c. 286. The last sentence of § 1 read: "The city council shall keep a record of its own proceedings, and judge of the election of its own members; and in case of failure of election, or in case of vacancy declared by the city council, the mayor and city council shall issue their warrant for a new election." This language paralleled that of St. 1881, c. 169, § 9.[1]

1. Statute 1955, c. 550, § 3, and St. 1958, c. 286, § 1 in its last sentence, are each addressed to the procedure to be followed in the event of a vacancy in the city council of Malden. The 1955 statute calls for the filling of such a vacancy by selection by the council. The 1958 statute provides for the issuance by the mayor and council of a warrant for a new election. There is patent inconsistency in the procedures established in the two statutes and a positive repugnancy between them. Since this is so, the earlier statute must give way (see *Ryan* v. *Marlborough,* 318 Mass. 610, 613) for the 1958 act repeals by implication those portions of the 1955 act which create the repugnancy. *Hersch* v. *Police Commr. of Boston,* 319 Mass. 428, 432. See *Attorney Gen.* v. *Mayor of Springfield,* 320 Mass. 598, 600. Fair interpretation of the 1958 statute compels the conclusion that the subject of vacancies is fully covered. The language of the 1955 act touching the same subject is thus superseded. *Bellevue Hotel Co.* v. *Building Commr. of Boston,* 299 Mass. 73, 75. *Homer* v. *Fall River,* 326 Mass. 673, 676. Were we to hold otherwise we should render nugatory the clear language of the 1958 act relative to the filling of vacancies. In so holding we should fail to give all the words and phrases of the 1958 act that force and effect which is theirs. *Hinckley* v. *Retirement Bd. of*

---

[1] It was further provided by c. 286 in § 4: "The city council elected under and in accordance with . . . the provisions of this act shall be the lawful successor to the board of aldermen and common council holding office next prior to January first, nineteen hundred and fifty-eight, and shall exercise all the powers and privileges conferred, and shall be subject to the duties and obligations imposed by . . . [St. 1881, c. 169, as amended] on said board of aldermen and common council with respect to their action independently and separately, jointly or in concurrence."

*Gloucester,* 316 Mass. 496, 500. *Meunier's Case,* 319 Mass. 421, 423. *Gillam* v. *Board of Health of Saugus,* 327 Mass. 621, 623. *Milton* v. *Metropolitan Dist. Commn.* 342 Mass. 222, 225. They would be rendered ineffectual and barren of meaning. *Selectmen of Topsfield* v. *State Racing Commn.* 324 Mass. 309, 314. That some consequent hardship may be attendant upon this holding cannot deter us in the face of the clear and unambiguous language of the 1958 statute taken as a whole. *Tilton* v. *Haverhill,* 311 Mass. 572, 578. *Milton* v. *Metropolitan Dist. Commn.* 342 Mass. 222, 227.

2. The petitioner, a registered voter and resident of Ward 1, is legitimately concerned with the performance by the mayor and council of their public duty and was thus entitled to bring these proceedings. *Moore* v. *Election Commrs. of Cambridge,* 309 Mass. 303, 304–305. See *Parrotta* v. *Hederson,* 315 Mass. 416, 418; *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638, 640, and cases cited. The respondents argue that the petition is basically a proceeding to try title to public office by one having no claim to that office and that consequently mandamus does not lie. *Wardwell* v. *Leggat,* 291 Mass. 428, 431. *Blatchford* v. *Mayor & Aldermen of Gloucester,* 331 Mass. 6, 7. In our view, however, the petitioner in essence seeks to compel the mayor and council to discharge their obligation to issue a warrant for a new election. See *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91, 93–94. The course she has chosen is open to her.

It is conceded that mandamus does not lie where another adequate and effective remedy is available. *Madden* v. *Secretary of the Commonwealth,* 337 Mass. 758, 761. In certain instances it may be necessary to await action by public officials to protect the public welfare. *School Comm. of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 357. The respondents emphasize that it was open to the mayor to institute proceedings under G. L. c. 231A to resolve the issue before us now. But here the petitioner acted only after the mayor had undertaken to administer the oath of office to Murphy and it is to be presumed that he did so in the belief

that Murphy had been properly chosen to fill the vacancy which the action by the council recognized as existent. See *Dodsworth* v. *Mayor of Medford,* 308 Mass. 62, 63. The petitioner could conclude that the action of the mayor forecast no remedy through official channels. See *Sears* v. *Treasurer & Recr. Gen.* 327 Mass. 310, 315–316. She was thus herself free to act without reliance on any other action by officials. See *Kelley* v. *Board of Health of Peabody,* 248 Mass. 165, 169.

> *Orders overruling demurrers affirmed.*
> *Order for judgment affirmed.*