EDWARD F. SULLIVAN vs. FALL RIVER HOUSING
AUTHORITY & another.

Bristol.    February 3, 1965. — April 2, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Housing.   Equity Jurisdiction, Housing.   Public Officer.   Mandamus.*

In view of the provisions of §§ 26U, 26FF, of the Housing Authority Law,
G. L. c. 121, §§ 26I et seq., a tenant of a local housing authority has no
standing to maintain a suit in equity against the authority seeking to
prevent a proposed rent increase as unjustified and in violation of that
law; the enforcement of that law against the authority rests with the
Department of Commerce and Development, and the remedy of the
tenant would be mandamus against the department if it should refuse
enforcement.

BILL IN EQUITY filed in the Superior Court on June 27,
1963, against the Fall River Housing Authority.

The State Housing Board intervened as a defendant.

The suit was heard by *Cahill, J.,* on a master's report.

*Thomas F. McGuire (James E. Holland, Jr.,* with him)
for the plaintiff.

*David Berman,* Assistant Attorney General, for the State
Housing Board.

*Henry Z. Horn* for the Fall River Housing Authority.

WILKINS, C.J.   The plaintiff, a tenant of the Fall River
Housing Authority, by this bill in equity sought to prevent
a proposed rent increase to become effective July 1, 1963,
on the ground that it was arbitrary, unjustified, and in vio-
lation of the Housing Authority Law.   G. L. c. 121, § 26I
(as amended through St. 1955, c. 654, § 2).   The State
Housing Board, created in accordance with G. L. c. 6, § 64,
was allowed to intervene as a party defendant on Septem-
ber 30, 1963.[1]   The case was referred to a master, who filed

---

[1] The State Housing Board was abolished by St. 1964, c. 636, § 10, and its
powers and duties were transferred to the Department of Commerce and De-
velopment established under G. L. c. 23A, inserted by § 1 of that act.

a report, which was confirmed. From a final decree dismissing the bill the plaintiff appealed.

No discussion of the merits is required, as the plaintiff clearly has no standing to maintain this bill. The rentals which a housing authority may charge are governed by G. L. c. 121, § 26FF (as amended through St. 1959, c. 512). Section 26U of G. L. c. 121 (as amended through St. 1955, c. 327) relates to the control of housing authorities by the State Housing Board. It requires an authority to keep accounts in a form prescribed by the board, which has powers of investigation and of making rules and regulations "prescribing standards and stating principles governing the planning, construction, maintenance and operation of projects by housing authorities." The final sentence of § 26U is, "Compliance with the Housing Authority Law, the rules and regulations adopted by the housing board hereunder, and the terms of a clearance or low-rent housing project approved by the housing board, may be enforced by a proceeding in equity."

The sentence just quoted manifestly states a procedure open only to the housing board, and now to the Department of Commerce and Development. There is no indication of a legislative intent at any time to confer a right upon tenants of a housing authority to bring a suit like the present. For earlier legislation see St. 1933, c. 364, § 6 (§ 26B); St. 1938, c. 484, § 1 (§§ 26AA and 26EE); St. 1946, c. 574, § 1 (§§ 26U and 26FF).

Had the State Housing Board refused, or should the Department of Commerce and Development now refuse, to enforce the provisions of § 26FF against the defendant, the plaintiff's remedy would have been, and still would be, a petition for a writ of mandamus against the board or department. *Brewster* v. *Sherman,* 195 Mass. 222, 224–225. *Kaplan* v. *Bowker,* 333 Mass. 455, 460. *Porter* v. *City Council of Malden,* 346 Mass. 368, 372.

*Final decree affirmed.*