HENRY J. JOHNSON *vs.* TOWN OF MILTON & another.

Norfolk.     October 6, 1965. — December 9, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Retirement. Veteran.*

A veteran of World War I, who had been employed as a laborer by a town for twelve years and had been retired in 1943 under G. L. c. 32, § 57, upon a finding by the retiring authority that he had "become incapacitated for active service," was entitled to the increase in pension provided by St. 1962, c. 646, § 1, upon a finding in a suit in equity by him against the town that his retirement had in fact been occasioned by an injury incurred in the performance of his work as a laborer; neither St. 1963, c. 478, § 3, increasing pensions payable under G. L. c. 32, § 57, nor St. 1964, c. 486, § 1, increasing certain pensions but explicitly

excluding pensioners who had received an increase under St. 1962, c. 646, "or" under St. 1963, c. 478, had any bearing on the veteran's right to the increase under St. 1962, c. 646, § 1.

BILL IN EQUITY filed in the Superior Court on November 22, 1963.

The suit was heard by *Dewing, J.*

*John J. Murray,* Town Counsel, for the defendants.

*Robert D. O'Leary* for the plaintiff.

REARDON, J. The town appeals from a final decree under the provisions of which it was ordered to pay the plaintiff the sum of $300 for the year 1963, and to increase his pension by the amount of $300 for the year 1964 and thereafter. The plaintiff had filed a bill seeking declaratory relief which would entitle him to an annual increase in his retirement allowance under the pertinent provisions of St. 1962, c. 646. There was a report of material facts. The judge made findings as follows.

The plaintiff was a veteran of World War I and was employed as a laborer by the town, his duties including that of operating a truck. About January 26, 1940, while assisting another laborer, also employed by the town, in lifting a tree stump onto a town truck, he was injured. At the direction of town authorities he received medical attention for about a year thereafter, until on June 30, 1941, it became necessary to perform surgery to correct the condition of the shoulder which had been injured by the lifting. Following his operation he returned to his job as laborer but he was partially disabled. In October, 1943, he applied to the defendant town through its retirement authority, which was then the board of selectmen, for a disability retirement under the provisions of G. L. c. 32, § 57. His application was allowed and he was voted a pension which was to commence on January 1, 1944. The vote of the board of selectmen of October 14, 1943, reads as follows: "Whereas it is found by this board that Henry J. Johnson is a veteran and has been in the service of the Town of Milton as a laborer in the Highway Department for a total period of twelve years and that he has become incapacitated for active service, and that he has a total income from

all sources, exclusive of retirement allowance and of any sums received from the government of the United States as a pension for war service, not exceeding $500.00. Now ordered that said Henry J. Johnson be retired . . . .'' The Superior Court judge heard the plaintiff on the question of the origin of his injury and was offered no testimony by the town to contradict the plaintiff's story that his retirement was based on an injury which was in fact suffered while performing his duties as a laborer for the town.

The judge, in ordering the annual increase in the plaintiff's pension of $300, noted that no increase could be made in the plaintiff's pension which would make its total annual amount in excess of $2,500. The several statutes to be construed are set out in the margin, with emphasis given to that portion of their language which is most pertinent to the determination of this issue.[1] The town, by reference to a number of cited cases, has emphasized the standards which are to be applied in the interpretation of these several statutes. See *Bolster* v. *Commissioner of Corps. & Taxn.* 319 Mass. 81, 84–85; *Gillam* v. *Board of Health of*

---

[1] C. 32, § 57, as amended through St. 1954, c. 627, § 12:

''A *veteran,* including an army nurse, *who has been in the service of* the commonwealth, or of *any* county, city, *town* or district thereof, for *a total period of ten years in the aggregate, may, upon petition to the retiring authority, be retired, in the discretion of said authority,* from *active service, at one half of the highest annual rate of compensation* . . . *if he is found by said authority to have become incapacitated for active service;* provided, that he has a total income from all sources, exclusive of such retirement allowance and of any sum received from the government of the United States as a pension for war service, not exceeding one thousand dollars.''

C. 32, § 77 (a), as amended through St. 1963, c. 650: ''*Any laborer in the employ of a city or town* . . . *who has been in such employ for not less than fifteen years* and *has become physically or mentally incapacitated for* labor *by reason of any injury received in the performance of his duties for such* city or *town* may, at *his request be retired from service* by the *appropriate retirement board,* established under section twenty, or, if there is no such board in the case of a town, the selectmen; and if so retired he shall receive from the city or town for the remainder of his life an annual pension equal to one half of his annual rate of regular compensation for full time service as a laborer at his retirement. . . .'' (The language given emphasis in §§ 57 and 77 (a) is identical with the sections as they read when plaintiff retired.)

St. 1962, c. 646, § 1: ''*The annual amount of every pension,* retirement allowance or annuity *payable under any general or special law to any former employee* of the commonwealth or of *any* county, city, *town* or district, including teachers, *who was retired because of accidental disability incurred in the performance of his duties, shall be increased by three hundred dollars;* provided, that no such increase shall be made . . . which will make the total

*Saugus,* 327 Mass. 621, 623; *Milton* v. *Metropolitan Dist. Commn.* 342 Mass. 222. We proceed to an analysis of the issue with these standards in mind.

It is evident that when the plaintiff was retired by the selectmen it was on the ground that he was a veteran who had given more than ten years of service to the town and who had "become incapacitated for active service." See G. L. c. 32, § 57. The precise cause of his incapacity was in 1943 a matter of no moment to the town's board of selectmen. At that time inquiry into the extraneous question of the origin of the injuries which had incapacitated him could have served no purpose. The principal objective then sought by the statute was simply the determination that there was an incapacity.

Had the plaintiff not been a veteran the question of whether he was injured in the performance of his duties would have assumed importance provided he had behind him not less than fifteen years of service. If that had been his situation, it would have been necessary for him to furnish the retirement board with some evidence linking his duties to the resulting incapacity. It seems important to note that there would have been, before 1962, no reason for a veteran who had fifteen years of service to retire under c. 32, § 77 (a), thereby attempting to base his retirement

---

annual amount of such pension, retirement allowance or annuity, exclusive of any such additional annuity, exceed twenty-five hundred dollars; and, further provided, that no increase shall be made in the case of any employee whose retirement became effective subsequent to December thirty-first, nineteen hundred and sixty."

St. 1963, c. 478, § 3: "*The annual amount of any pension or retirement allowance payable under the provisions of section six, fifty-six, or fifty-seven of chapter thirty-two of the General Laws, shall be increased by one hundred dollars, provided that the total amount of such pension or retirement allowance as so increased shall not exceed twenty-eight hundred dollars.*"

St. 1964, c. 486, § 1: "The annual amount of every pension, retirement allowance or annuity payable under any general or special law to any former employee of the commonwealth or of any county, city, town or district, including teachers . . . [on certain conditions] shall be increased . . . *provided, further, that no increase shall be payable under the provisions of this act to any such former employee who has received an increase in his pension, retirement allowance or annuity under the provisions of chapter six hundred and forty-six of the acts of nineteen hundred and sixty-two or under the provisions of chapter four hundred and seventy-eight of the acts of nineteen hundred and sixty-three.*"

upon a disability which he could prove was caused by his duties. He could retire without making such proof and receive identical benefits under c. 32, § 57. Since a medical examination or certificate regarding causation was not required for the plaintiff's retirement under c. 32, § 57, and since St. 1962, c. 646, provides for the $300 increase in the pension of one "who was retired because of accidental disability incurred in the performance of his duties," it was competent for the court to take testimony on the origin of the disability, there being no other method by which the facts relative to it could be ascertained. This the court did and made the finding as set out above.

It would appear that the legislative policy underlying the $300 pension increase given by St. 1962, c. 646, was a recognition of the generally increased cost of living. The benefits thereby afforded should not be denied to the plaintiff in our view unless there exists a substantial reason to believe he was not intended to be among those retired veterans receiving the increase.

It has been argued that St. 1963, c. 478, by explicitly stating that it covers pensions payable under the provisions of G. L. c. 32, § 57, emphasizes the lack of a similar reference to G. L. c. 32, § 57, in St. 1962, c. 646. Such a difference between the 1962 and 1963 provisions does exist but it is not a difference from which one can draw an inference as to the interpretation of the 1962 act. Section 1 of St. 1962, c. 646, simply describes the persons covered without designating them as under any particular section of the retirement laws at all; on the other hand, St. 1963, c. 478, refers in its § 3 to those retired under certain numbered sections of the retirement laws in order to avoid lengthy description of those persons. A reading of the several pension acts makes clear (a) that the Legislature has tended to favor employees who suffered incapacity resulting from injury incurred in the course of their employment as against those who were incapacitated not in that course, and (b) that the Legislature has intended to prefer veterans over non-veterans. We do not find in the three acts passed by the General Court in 1962, 1963 and 1964 any

intention to preclude the cumulation of pension increases. Thus we are not influenced in our interpretation of these several statutes by the fact that the plaintiff received an increase of $100 under the provisions of St. 1963, c. 478, as well as one of $300 under St. 1962, c. 646.

It may be argued that a veteran with fifteen years of service who retired under G. L. c. 32, § 77 (a), in 1943 would now receive less money by virtue of that retirement than had he retired under c. 32, § 57, in that he would not receive the $100 increase payable under § 3 of St. 1963, c. 478, specifically to those who retired under § 57. We are not impelled to embrace some other construction of St. 1962, c. 646, simply because of this oversight which went unnoticed in the 1963 Legislature and which will be productive of exceedingly few, if any, cases of deprivation. We have already indicated that a veteran retiring before 1962 would have had no affirmative reason for attempting to retire under § 77 (a), with its greater requirements of proof rather than under § 57.

The town has also pointed out that St. 1964, c. 486, § 1, provides an increase to certain pensioners, explicitly excluding those who have already received an increase under St. 1962, c. 646, "or" under St. 1963, c. 478. It is argued by the town that the Legislature indicates by this language the distinction between those benefitted under the 1962 and 1963 acts, in other words, between those retired under c. 32, § 57, and § 77 (a), respectively. We do not draw this implication from the conjunction "or" in the 1964 act.

In sum, we are of opinion that St. 1962, c. 646, framed as it is in general language, was designed to benefit all pensioners whose retirement was occasioned by an accidental disability which in fact had occurred in the performance of their duties. That the retirement of the plaintiff was so occasioned was appropriately established by the judge who so found and thus supplied the lack of information in the plaintiff's retirement order which it was vital for him to have in order to qualify for the additional annual amount which the court appropriately ordered for him.

*Decree affirmed.*