Doerfer, J.
The plaintiff, Travelers Insurance Company (“Travelers”), in subrogation to the late Detective John Mulligan (“Mulligan”), brought this action against the City of Boston (“the City”), pursuant to G. L. c. 41, § 100, to recover monies it paid to Mulligan for damages sustained to Mulligan’s personal vehicle while he was assisting in the apprehension of felons. The City contends that G.L.c. 41, §100 is not applicable to a police officer who sustains damages to his or her personal property and that, in any case, Mulligan did not properly assert a right of payment to the Boston Police Department prior to the institution of this suit. Both parties have now moved for summary judgment. For the reasons which follow, the plaintiffs motion for summary judgment is allowed. The defendant’s cross motion for summary judgment is denied.
BACKGROUND
For the purposes of this motion, the following factual allegations are undisputed.
On January 12, 1989, Mulligan was travelling on Washington Street, West Roxbury, Massachusetts, en route to his home, when he observed a Chevrolet Blazer pass him on the right hand side of the street at a high rate of speed. Mulligan took note of the plate number of the vehicle and determined that the vehicle had been reported stolen. Mulligan then called for police back-up assistance and followed the Blazer, in his own personal vehicle, to the Dedham Mall. With police assistance, Mulligan placed his vehicle in front of the Chevy Blazer. The two felons in the Blazer hit the rear of Mulligan’s vehicle and disabled it. The felons were ultimately apprehended by the other police officers.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
G.L.c. 41, §100 sets forth the method by which police officers, fire fighters, and persons aiding them, may be indemnified for their injuries “incurred as the natural and proximate result of an accident occurring . . . while acting in the performance and within the scope of [] duty . . .” G.L.c. 41, §100. That statute further provides, in relevant part, that:
This section shall also be construed to require a city, town or fire or water district to pay compensation, in the manner herein provided, for damages, including loss of pay, for personal injuries, whether or not death results, and for property damage sustained by a person while assisting a police officer thereof in the discharge of his duty upon his requirement.. ."
G.L.c. 41, §100 (emphasis added).
I.
The City contends that a police officer is not a “person” as that term is used in G.L.c. 41, §100 and, therefore, Travelers, in subrogation to Mulligan, cannot recover for property damage to Mulligan’s personal vehicle. “Words or phrases in a statute are to be given their ordinary meaning. They are to be construed according to their natural import. . . [They] ‘are to be given their ordinary lexical meaning unless there [is] a clear indication to the contrary.’ ” Commonwealth v. Belete, 37 Mass.App.Ct. 424, 425 (1994), quoting Randall’s Case, 331 Mass. 383, 385 (1954).
The court concludes, and the City concedes, that the word “person,” on its own, would include off-duty police officers and fire fighters. However, the City contends that, in the specific context of G.L.c. 41, §100, the Legislature did not intend to include off-duty police officers within the class of individuals who should receive compensation for damages to their personal property. The City’s argument is specious. There is no evidence in the statute that the Legislature intended to compensate civilians who assist police officers for their personal losses, but not off-duty police officers who render the identical services. Accordingly, the court concludes that the term “person” in G.L.c. 41, §100 must be given its ordinary meaning and construed so as to include off-duty police officers. Belete, supra at 425, quoting Randall’s Case, supra at 385.
The City also contends that it has not located any cases in which a police officer has been compensated for damage to his personal property pursuant to G.L.c. 41, §100. While G.L.c. 41, §100 may not be widely utilized by police officers in this manner, the statute clearly allows a person to recover for “property damage sus *368 tained . . . while assisting a police officer thereof in the discharge of his duty . . .” G.L.c. 41, §100. “It is not be assumed that words in a statute have no force or effect.” Milton v. Metropolitan District Commission, 342 Mass. 222,225 (1961). Accordingly, the court concludes that G.L.c. 41, §100 permits an off-duty police officer to recover for damages to his personal property sustained while assisting other police officers.
II.
The City further contends that Travelers is not entitled to recover under G.L.c. 41, §100 because Mulligan did not assert a right of payment to the Boston Police Department prior to the institution of this suit. The Ci1y refers to the portion of G.L.c. 41, §100, which states:
Whenever such board or officer denies an application in whole or in part, such board or officer shall set forth in writing its or his reasons for such denial and cause a copy thereof to be delivered to the applicant. At any time within two years after the filing of an application as aforesaid, an applicant aggrieved by any denial of his application . . . within six months from the filing thereof may petition the court in equity to determine whether such board or officer has without good cause failed to act on such an application .. .
G.L.c. 41, §100. Thus, while the statute provides a specific method by which an aggrieved claimant may seek review of a denial of his claim, contrary to the City’s contention, there is no statute of limitations by which a claimant must bring his application. Further, there is no specifically described method by which a claimant must submit his application. Thus, the court concludes that Traveler’s submission of its claim to the Clerk of the City of Boston, on June 13, 1990, satisfied the requirements of G.L.c. 41, §100.
Accordingly, Travelers, in subrogation to Mulligan, may properly recover the monies it paid to Mulligan for damages sustained to Mulligan’s personal vehicle while he was assisting in the apprehension of felons. The plaintiff is therefore entitled to summary judgment in its favor.
ORDER
For the foregoing reasons, the plaintiffs Motion for Summary Judgment is ALLOWED. The defendant’s Cross Motion for Summary Judgment is DENIED.