JOSEPH M. SANO & another[1] *vs.* PATRICIA A. TEDESCO,
trustee,[2] & others.[3]

No. 12-P-746.

Essex. January 2, 2013. - August 28, 2013.

Present: TRAINOR, BROWN, & MILKEY, JJ.

*Condominiums,* Common area, Common expenses, Master deed. *Real Property,*
Condominium, Deed. *Deed,* Construction.

In a civil action arising between individual condominium unit owners and the
condominium trust regarding the issue whether the costs associated with
the repair of balconies affixed to the condominium building were a com-
mon expense or the responsibility of the owners whose units were adjacent
to each balcony, the judge properly concluded that the balconies were part
of the adjacent units and that repairs to the balconies were therefore the
responsibility of the owners of the units adjacent to them, where the
information (as required by G. L. c. 183A, the condominium statute)
provided by the master deed indicated that the balconies were part of the
adjacent units, i.e., the only express treatment of the balconies treated them
as the equivalent of rooms in the adjacent units and included them in the
square footage of those units. [194-197]
In a civil action arising between individual condominium unit owners and the
condominium trust regarding the issue whether the costs associated with
the repair of beams that supported balconies affixed to the condominium
building were a common expense or the responsibility of the owners
whose units were adjacent to each balcony, the judge erred in concluding
that the beams, which supported only the balconies, did not in any part
constitute a common area, where, given that the definition of common
areas in the master deed included beams generally and failed to distinguish
those beams that supported a common area from those that supported a
portion of an individual unit, the balcony beams were properly considered
a common area. [197-198] TRAINOR, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on
February 7, 2011.

[1]Susan A. Sano.

[2]Of Portland Condominium Trust.

[3]Hildreth A. Curran and Monte M. Snellenberger, as trustees of Portland
Condominium Trust.

The case was heard by *Timothy Q. Feeley*, J., on motions for summary judgment.

*Robert J. Gizmunt* for the defendants.

*Joseph M. Sano* for the plaintiffs.

BROWN, J. At issue in this case is whether the costs associated with repair of balconies affixed to the Portland Condominium Trust (Portland) building are a common expense or the responsibility of individual unit owners. The plaintiffs, Joseph and Susan Sano, owners of a unit without an adjacent balcony, commenced this action seeking a judgment declaring that the individual owners whose units are adjacent to each balcony are responsible for its repairs. The defendant trustees, each of whom owns a unit with an adjoining balcony, contend the repairs to the balconies are to a "common area" and the cost of repairs should be paid from the common fee assessments. On cross motions for summary judgment, a Superior Court judge ruled that the balconies and the beams supporting them are part of the units they serve and are not common areas. We affirm in part and reverse in part.

*Background.* The essential facts are not in dispute. Portland, comprising a single residential building on land located in Lynn, was organized in 1980 as a condominium, pursuant to G. L. c. 183A, inserted by St. 1963, c. 493. Putting aside the basement containing a single unit, each of the three main floors of the building has an identical rectangular layout with eight units per floor. The units on each floor are adjacent to a single central interior hallway, four on each side of the hallway. On the exterior of each floor, two balcony structures are affixed, one on each side of the building that is parallel to the central hallway. Although the record does not contain their dimensions, the floor plans recorded with the condominium master deed show that the center of each balcony is adjacent to the interior wall that separates two middle units, and the balcony then runs alongside each of the two middle units an equivalent distance. Each of the balconies is accessible only by sliding doors opening from each of the two middle units adjacent to them. The four corner units on each floor have no balcony adjacent to them.

Generally, four twelve-foot-long beams provide structural support to each balcony, and four of the twelve feet are located

on the outside of the condominium building while eight feet are located inside the building, running between the floor joists that are below the units adjacent to the balcony and above the ceilings of the units below the balcony. Currently, some of the support beams must be replaced because they are decaying and are positioned to direct water into the building. Replacement of the beams necessitates opening the ceilings of the units below the units adjacent to the balconies.

The master deed, under a heading entitled "Description of Units," provides, "Exhibit 'A' attached hereto and made a part hereof, contains a unit designation of each unit in the Condominium, its location, approximate area, and number of rooms. All units have immediate access to hallways adjacent thereto."[4] Exhibit A is organized in chart form. Footnote three of exhibit A provides, "Each unit has five rooms which include: [k]itchen, [d]ining, [l]iving, one bedroom and one bathroom. In addition, [the middle units] have a balcony." The parties agree that the square footage figures shown on exhibit A for those units that have a balcony include the square footage of the balcony. Indeed, the floor plans recorded with the master deed indicate that the square footage of the units adjacent to a balcony includes the balcony.[5]

After incorporating by reference exhibit A, the "Description of Units" in the master deed further provides that "[t]he boundaries of each of the units with respect to the floors, ceilings, walls, windows, and doors thereof are as follows: (a) Floors: the plane of the upper surface of the floor joists. (b) Ceilings: the plane of the lower surface of ceiling joists. (c) Walls: the plane of the interior surface of the wall studs of plaster walls, as the case may be. (d) Doors: the plane of the exterior surface of the door. (e) Windows: the interior frame of

[4]The four units on each floor that have no adjacent balcony each have two doors to the hallway. The units that have balconies adjacent to them each have only one means of access to the hallway.

[5]The floor plans label each balcony structure as "Balconies," and appear to have a line in the center of each, perhaps to indicate that the balconies are artificially divided in the middle. Footnote 3 of exhibit A refers to each unit having a singular "balcony," notwithstanding the label "Balconies" on the plans. Whether all or half of the square footage of the "Balconies" is included in the square footage of an adjacent unit is unclear, but irrelevant to our resolution of the appeal, and no party has asked us to resolve the issue.

the windows and the exterior surface of the glass." This description fails to mention the balconies.

The final sentence of the master deed's "Description of Units" states, "Exhibit B attached hereto and made a part hereof gives the percentage interest of each unit in the Common Areas and Facilities of the Condominium." Pursuant to G. L. c. 183A, § 5, such percentage must be in the approximate relation that the fair value of the individual unit bears to the aggregate fair value of all the units. Exhibit B shows the units adjacent to the balconies as having a higher percentage interest in the common areas than units on the same floor without a balcony. The parties stipulated that all units that have access to a balcony pay a higher condominium fee than units that do not have access to a balcony.

The next section of the master deed provides a definition of "Common Areas and Facilities," including "(a) [t]he land described in . . . this Master Deed"; "(b) [a]ll foundations, structural columns, girders, beams, supports, exterior walls, roofs, party walls and common walls between the units and not included as part of the units"; "(c) [a]ll conduits, plumbing, wiring, flues and other facilities which are contained within any unit but serve part of the condominium other than the unit within [which] such facilities are contained"; and "(d) [a]ll other items listed as such in [G. L. c.] 183A and located on the property." No mention of the balconies is included, nor are they specifically included in the definition of "Common areas and facilities" (common areas) contained in G. L. c. 183A, § 1, as amended through St. 1998, c. 242, § 3. To the contrary, § 1 defines "Unit" to include appurtenant balconies if stipulated in the master deed as being owned by the unit owner.

*Discussion.* "The condominium statute is 'essentially an enabling statute, setting out a framework for the development of condominiums in the Commonwealth, while providing developers and unit owners with planning flexibility.' " *Scully* v. *Tillery*, 456 Mass. 758, 770 (2010), quoting from *Queler* v. *Skowron*, 438 Mass. 304, 312 (2002). While the governing statute supplies a default definition of common areas, it allows condominium developers and unit owners to deviate from that definition in the master deed and thereby set the rules with regard to what

constitutes common areas and what is included as part of an individual unit. G. L. c. 183A, § 1. *Flynn* v. *Parker*, 80 Mass. App. Ct. 283, 288-289 (2011). Consequently, the developers of the Portland building were not restricted by statute as to how they could treat the balconies. They were free to include them as part of the adjacent units or to treat them as common areas, notwithstanding the exclusive access by adjacent unit owners. See, e.g., *Belson* v. *Thayer & Assocs., Inc.*, 32 Mass. App. Ct. 256, 257-258, 260 (1992) (master deed described patio-deck as limited common area to which adjacent unit owner had exclusive right of use, but by-law put onus on that owner for repairs and maintenance of patio-deck; conversely, by-law provided that repairs to building's balconies were common expenses, "despite the fact that each balcony is reserved for the exclusive use" of each adjacent unit).

We must, therefore, examine the master deed to determine its intent "with regard to the division between individual and common property." *Flynn* v. *Parker, supra* at 289. "In addressing that question, '[t]he intent of the parties is gleaned from "the words used, interpreted in the light of the material circumstances and pertinent facts known to them at the time [the deed] was executed." ' " *Ibid.*, quoting from *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.*, 407 Mass. 123, 131 (1990).

Without doubt, the master deed is no model of clarity in terms of treatment of the balconies affixed to the building and on whom the responsibility for repair lies. It appears that the balconies were largely ignored in drafting the condominium documents. Even the condominium by-laws, recorded with the master deed, and the regulations adopted some time later which put some controls on the use of common areas and individual units, including limitations on what may be hung from exterior unit walls, doors, and windows, fail to mention the balconies or attempt to control their use in any way.

Nonetheless, we think what is in the master deed warrants the conclusion that the balconies are included as part of the adjacent units. We first note that the condominium statute's definition of unit is not modified in the master deed. The statute defines "Unit" as "a part of the condominium including one or more

rooms, *with appurtenant areas such as balconies, terraces and storage lockers if any are stipulated in the master deed as being owned by the unit owner,* occupying one or more floors or a part or parts thereof, including the enclosed space therein, intended for any type of use, and with a direct exit to a street or way or to a common area leading to a street or way" (emphasis supplied). G. L. c. 183A, § 1. We examine the master deed, therefore, to determine whether it "stipulate[s]" that the balconies are owned by the appurtenant unit owners.

Exhibit A is incorporated by reference into the master deed and contains the designation of each unit in the condominium, as well as its location, square footage, and number of rooms. When describing the number of rooms, exhibit A uses the same language to indicate each unit "has" a kitchen, dining room, living room, bedroom, and bathroom, as it does to indicate that the middle units, "[i]n addition," "have" a balcony. There is no indication that the ownership interest in the balcony is any different than the ownership interest in the kitchen or any other room in the unit. Moreover, the floor plans recorded with the master deed indicate that the square footage of the units with an adjacent balcony includes the balcony. We agree with the judge, therefore, that exhibit A describes the balconies as being part of their adjacent units.

The absence of the balconies from the boundary description of the units contained in the master deed, while curious, does not negate their inclusion in the square footage of the adjacent units and their inclusion in the unit descriptions in exhibit A. Other than oversight, we cannot explain why the drafters would choose to define the boundaries with respect to the floors, ceilings, walls, doors, and windows, but not the beginning or end of the balconies. We note, however, that c. 183 does not require a master deed to contain a boundary description of the units; as relevant here, it requires only unit designations, the numbers of rooms, approximate areas, and floor plans showing, among other things, the layout, location, unit numbers, and dimensions of the units. G. L. c. 183A, § 8. Nothing more was required in this regard to be included in the first unit deed to each unit pursuant to G. L. c. 183A, § 9, as in effect when Portland was organized as a condominium. The required information provided

here by the master deed indicates the balconies are part of the adjacent units. As the only express treatment of the balconies in the condominium documents includes them as the equivalent of rooms in the adjacent units and includes them in the square footage of the adjacent units, we conclude the judge properly ruled as a matter of law that they are part of the adjacent units[6] and that repairs to the balconies are therefore the responsibility of the owners of the units adjacent to them.[7]

We reach a different result, however, as to the balcony support beams. The Sanos conceded in their summary judgment papers that the eight-foot portions of the twelve-foot support beams that run inside the building are common areas, but contended that the remaining four-foot portions are part of the adjacent units. While he acknowledged the Sanos' concession as to part of the support beams, the judge nonetheless ruled that because the beams support only the balconies, no part of them constitutes a common area.[8] We disagree. Even assuming it is an undisputed fact that the beams lend no structural support to any part of the building beyond the balconies themselves, under the language of the master deed that fact has no bearing on the beams' classification.

The master deed specifically includes building components such as "structural columns" and "beams" in part (b) of the definition of "Common Areas and Facilities." While it could have done so, the definition does not distinguish between beams that support a common area and beams that support a portion of

[6]Deciding as we do that the balconies are part of the adjacent units, the provisions of G. L. c. 183A dealing with "limited common areas and facilities" do not bear on the matter. See *Podell* v. *Lahn*, 38 Mass. App. Ct. 688, 693-694 (1995). We observe that the master deed's "Common Areas and Facilities" section concludes with the following: "All of the units will have the benefit of the right to use the common areas and other facilities in common with others entitled thereto EXCEPT that each unit shall have as appurtenant to it the exclusive right to use one parking space and one storage bin as designated in the first unit deed to such unit." There is no comparable language, either in the common areas section or elsewhere in the master deed, assigning rights to the use of the balconies.

[7]Article XI of the condominium by-laws provides that "[a]ll maintenance of and repair to any [u]nit . . . shall be made by the owner of such [u]nit."

[8]The trustees do not argue that the judge exceeded his authority by disagreeing with both parties below as to the eight-foot portion of the beams, or that the Sanos should be held to their concession.

a unit. The judge reasoned that the concluding phrase of part (b) — "and not included as part of the units" — modifies the entire sentence rather than just "party walls and common walls." However, it is the "general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." *Bednark* v. *Catania Hospitality Group, Inc.*, 78 Mass. App. Ct. 806, 812 (2011), quoting from *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 133 (1949). The rule's "common and most powerful use occurs where a list of multiple, distinct antecedents precedes the modifying clause." *Ibid.* Here, where the list of items is separated by commas, the qualifier applies only to the immediate antecedent within the same phrase that was not separated by a comma. *Herrick* v. *Essex Regional Retirement Bd.*, 77 Mass. App. Ct. 645, 650 (2010). Thus, "beams," "supports," and the like are not modified by the phrase "and not included as part of the units." Where the definition of common areas includes beams generally, and fails to distinguish those beams that support a common area from those that support a portion of an individual unit, the balcony beams are properly considered a common area.

Our conclusion is buttressed by the fact that the beams are largely located within areas defined to be common areas: the exterior of the building and the area between the floor joists of the adjacent units and above the ceilings of the units below. Article XI of the condominium by-laws provides that "[a]ll maintenance, repairs and replacements to the Common Areas and Facilities, whether located inside or outside of the units, . . . shall be made by the Trustees and be charged to all the Unit Owners as a common expense."

*Conclusion.* We affirm so much of the judgment as declares the balconies to be part of their adjacent units and not common areas. So much of the judgment as declares the beams supporting the balconies to be part of the individual units adjacent to each balcony shall be modified to declare such beams to be common areas.

*So ordered.*

Sano v. Tedesco.

TRAINOR, J. (concurring in part and dissenting in part). I agree with the majority that the motion judge was correct in concluding that the balconies are a part of their adjacent units and not a common area. I would also observe, as did the judge, that the master deed specifically includes "balconies as part of the description of units through Exhibit A." Exhibit A is incorporated into the master deed. The units are described in exhibit A by unit number, location by building floor, square footage (*including* the balcony, where applicable), and the number of rooms, including the balcony for those units with an adjacent balcony.

The idea of an individual balcony which is exclusively part of the unit adjacent to it is a fiction created by the master deed, simply by drawing a line in the middle of the structure dividing it into two equal parts. Each balcony, in reality, is one structure shared by two units. I accept this fiction (and the majority acknowledges it), as we should in deference to the master deed. This fiction, however, implicates the relationship of the support beams to the balconies, as they are defined in the master deed. These support beams are part of the balconies themselves, each serving no other structural purpose but to support its balcony, and are therefore not "common." The judge concluded that such beams are the exclusive responsibility of the adjacent unit owners. I believe the motion judge was correct and therefore respectfully dissent from that part of the majority opinion.

While the majority's grammatical analysis of the master deed is interesting and even correct, it has little relevance to the question we are considering. Generally, common areas include the land described in the master deed and all other items listed as such in G. L. c. 183A and located on the property. Generally also, common areas will include all the structural elements of a building containing more than one unit.[1]

The master deed here provides a traditional definition of common areas that includes the building's structural components

---

[1] A master deed may provide, however, that a unit owner of a building containing a single unit is responsible for all maintenance and repairs of the building. On the other hand, a master deed may require that the maintenance and repair of a single-unit building is a common expense.

and facilities that serve more than one unit.[2] "Structural" is defined in Webster's Third New International Dictionary 2266 (1993) as "of or relating to the load-bearing members or scheme of a building as opposed to the screening or ornamental elements . . . [e.g.,] floor joists, rafters, wall and partition studs, supporting columns . . . foundations." This is why the individual unit boundaries are defined as the plane of the upper surface of the floor joists, for floors; the plane of the lower surface of the ceiling joists,[3] for ceilings; and the plane of the interior surface of the wall studs, for walls. The wall studs and floor/ceiling joists are all interconnected weight-bearing structural components. The individual unit side of the boundaries is demarcated by the ornamental covering attached to the wall studs and floor/ceiling joists. This is why, for example, it was not necessary for the drafters of the master deed to define the boundaries of the balconies. Each balcony is entirely part of the individual unit, and it is neither within nor does it encapsulate any structural element. The balcony is entirely a part of the individual unit.

The judge was correct in not accepting the Sanos' concession that eight feet of the twelve-foot balcony support beams are common. Contrary to the majority conclusion, the balcony support beams are *not* a structural component of the building.

---

[2]The master deed describes the "[c]ommon areas and facilities" as follows:

"(a) The land described in . . . this [m]aster [d]eed, subject to and with the benefit of, as the case may be, all rights, easements, restrictions, covenants, agreements and encumbrances of record, if any, insofar as the same may be in force and applicable.

"(b) All foundations, structural columns, girders, beams, supports, exterior walls, roofs, party walls and common walls between the units and not included as part of the units.

"(c) All conduits, plumbing, wiring, flues and other facilities which are contained within any unit but serve part of the condominium other than the unit within [which] such facilities are contained.

"(d) All other items listed as such in Massachusetts General Laws, Chapter 183A and located on the property."

[3]Floor joists and ceiling joists are the same structural rafters above the ground floor.

Structural components support not only individual units, but also *simultaneously* support the entire building. This is the nature of modern construction technique.[4] The balcony support beams are not a structural component of the building, as they support only the balcony itself and have nothing to do with the structural integrity of the building.[5] Removal of the balcony support beams would have no effect on the structural integrity of the building, whereas removal of wall studs or ceiling/floor joists would adversely affect the structural integrity of the building.

The majority makes much of the fact that because a portion of each support beam is located within the common area between the floor and ceiling, the beam itself is common. This analysis elevates form, or location, over substance. The master deed itself anticipates and makes provision for this situation. Clause (c) of the definition of "[c]ommon areas and facilities" includes "[a]ll conduits, plumbing, wiring, flues and other facilities which are contained within any unit *but serve part of the condominium other than the unit within [which] such facilities are contained*" (emphasis added). This definition directly correlates with clause (b) in defining building structural components. Most plumbing, wiring, and conduits serve multiple units and are interconnected to the entire building. These components are common because they serve the entire building, or at a minimum more than one unit. They are *not* common because of their location, and they are *not* common if they serve only one unit regardless of where they are located.[6] This is precisely why the fiction of individual balconies must be extended and applied to

---

[4]The majority's observation that the drafters could have distinguished "between beams that support a common area and beams that support a portion of a unit," *ante* at 197-198, is a logical impossibility in this standard method of construction.

[5]The judge observed in his decision that "*[t]he trustees concede that even the interior portion of the support beams benefit and support only the balconies and provide no support-type benefit to the building or any portion thereof (other than the balconies).* The balcony support beams may be within the envelope of the building and within an area that is otherwise a common area, but their use and exclusive benefit only to the balconies and their adjacent units make them part of the units and not part of the common areas of the Condominium." (Emphasis added.)

[6]For example, an exhaust system for a cooking stove, venting smoke and

the beams which support them. To do otherwise would be illogical and inconsistent with the previous analysis.[7]

Just as any "facility" that serves only one unit is not a common area, the balcony support beams benefit only the unit whose balcony they support. They are not a structural component of the building and are therefore not common. The analysis of the motion judge is correct, and the judgment should be affirmed.

---

odor to the outside of the building and serving only one unit, would not be a *common element* even though it passed through a common area inside the ceiling or wall.

[7] The judge understood this when he concluded in his decision that "[j]ust as conduits, plumbing, wiring, flues and other facilities that do not serve any part of the Condominium other than the unit within which such facilities are contained are not common areas, *the support beams that are part of the balconies, and only part of the balconies, and serve no Condominium purpose other than to support the balconies, are part of the units the balconies serve and are not common areas*" (emphasis added).